[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#103)
The plaintiff, Karen Diaz, brings this four count complaint alleging negligence against the defendants James Diaz and Emprise Corporation and recklessness against the defendant Diaz.
The plaintiff alleges the following facts in her CT Page 2434 complaint. On July 9, 1995, Karen Diaz was operating an automobile in a northerly direction on Anderson Drive in Ledyard, Connecticut. James Diaz was also operating a vehicle owned by Emprise Corporation in a northerly direction on Anderson Drive in Ledyard. The defendant Diaz drove his vehicle to the left of the vehicle operated by the plaintiff. When he did so, he struck the plaintiff's vehicle which allegedly caused damage and injury to the plaintiff. In count two of her complaint, the plaintiff seeks double or treble damages pursuant to General Statutes § 14-295 for the defendant Diaz' allegedly reckless conduct.
The plaintiff filed her complaint with the court on June 10, 1997. Thereafter, on August 4, 1997, the defendants filed a request to revise. The plaintiff filed an amended complaint on August 26, 1997. On September 11, 1997, the defendants filed a motion to strike and a memorandum in support directed at count two of the plaintiff's amended complaint. The plaintiff filed a timely objection to the defendants' motion.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 577, 639 A.2d 293 (1997). The role of the trial court in ruling on a motion to strike is "to examine whether the plaintiff has stated a legally sufficient cause of action."Dodd v. Middlesex Mutual Assurance Company, 242 Conn. 375, 378,698 A.2d 859 (1997). "The motion to strike . . . admits all facts well pleaded." Napoleatano v. Cigna Healthcare ofConnecticut, Inc., 238 Conn. 216, 232, 680 A.2d 127 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.)Faulkner v. United Technologies Corp. , supra, 240 Conn. 580.
The defendants move to strike count two of the plaintiff's complaint on the ground that the count "does not allege any facts different than those set forth in the First Count, but merely appends the adjective `reckless' to the allegations of negligence in the First Count." In her objection, the plaintiff argues that "the allegations [in the second count] are sufficient." CT Page 2435
General Statutes § 14-295 states, in pertinent part: "[i]n any civil action to recover damages resulting from personal injury . . . or damages to property, the trier of fact my award double or treble damages if the injured party has specifically pleaded that another party had deliberately or with reckless disregard operated a motor vehicle in violation of sections 14-218a, 14-219, 14-222, . . . 14-230 [or] 14-234 . . . and that such violation was a substantial factor in causing such injury . . . or damage to property."
This court acknowledges the split of authority in Connecticut's superior courts regarding the issue of whether a plaintiff must plead facts supporting a claim of reckless conduct in addition to pleading the specific statutory violation under § 14-295. One line of decisions holds that a plaintiff must not only plead a statutory violation as set forth in § 14-295, but also facts that would support a claim of reckless conduct at common law. Bravo v. Watson, Superior Court, judicial district of Waterbury, Docket No. 129692 (March 13, 1996, McDonald, J.), citing, Pitka v. Ullrich, Superior Court, judicial district of New London, Docket No. 530000 (November 16, 1994, Austin, J.); Jimenez v. Schell, Superior Court, judicial district of Stamford, Docket No. 137265 (November 8, 1994, Lewis, J.); Lezotte v. Hanover InsuranceCo., Superior Court, judicial district of Waterbury, Docket No. 112067 (January 6, 1993, Sylvester, J.); Comparone v. Cooper, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293125 (August 27, 1992, Lewis, J.); Gaudet v.Ziobran, Superior Court, judicial district of Middletown, Docket No. 061126 (June 10, 1992, Austin, J.).
The second line of cases requires that the plaintiff only allege that the defendant deliberately or with reckless disregard violated one of the enumerated statutes in § 14-295, and that the violation of the enumerated statute or statutes was a substantial factor in the injuries suffered by the plaintiff. See, e.g., Price v. Paccar Leasing Corporation, Superior Court, judicial district of New London, Docket No. 538888 (Feb. 19, 1997, Booth, J.); Palmer v. Mitsubishi MotorsCredit of America, Superior Court, judicial district of New London, Docket No. 536828 (February 28, 1996, Walsh, J.); St.George v. Connecticut Car Rental, Superior Court, judicial district of Hartford, Docket No. 554923 (February 27, 1996,Spada, J.); Smith v. Mitsubishi Motors Credit of America, CT Page 2436 Superior Court, judicial district of New London, Docket No. 535161 (January 17, 1996, Hurley, J.); Besson v. Davis, judicial district of Fairfield at Bridgeport, Docket No. 327040 (January 5, 1996, Ballen, J.); DeGray v. Sullens, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 047978 (May 23, 1995, Skolnick, J.); Guinta v. Beverley, Superior Court, judicial district of Stamford, Docket No. 139852 (March 15, 1995, Nigro, J.); Spencer v. King, Superior Court, judicial district of Middletown, Docket No. 069530 (September 16, 1993, Higgens, J.).
This court adopts the reasoning of those cases that hold a plaintiff need only allege a statutory violation as set forth in § 14-295 to sufficiently allege a claim under that statute. In the present case, the plaintiff alleges that the defendant Diaz violated General Statutes §§ 14-218a, 14-219, 14-222,14-230, and 14-234 by allegedly operating his vehicle "with reckless disregard". Further, the plaintiff alleges that these statutory violations were "a substantial factor in causing the injuries and damages to the plaintiff."
This court finds that count two of the amended complaint is sufficient to withstand a motion to strike because it is pled in conformity with the requirements of General Statute §14-295. Accordingly, the defendants' motion to strike is denied.
Martin, J.