[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO STRIKE
This is the defendant Town of Windham's motion to strike count two of the plaintiff's second amended complaint.
The plaintiff filed its first amended complaint on July CT Page 2707 19, 1996, alleging that the defendant negligently awarded a collection and disposal of solid waste and recyclables contract to a third party, rather than to the plaintiff, the "lowest qualified, responsible and responsive Bidder." The plaintiff further alleged in count two that the defendant was liable for breach of contract.
On May 1, 1997, the defendant filed a motion for summary judgment as to the first amended complaint. On June 18, 1997, the court (Handy, J.) granted the defendant's motion for summary judgment as to count two of the plaintiff's complaint on the ground that the plaintiffs' contract claim failed to state a claim upon which relief could be granted. The court held that Connecticut case law "is clear that a contract is not formed when the bid is made, but when the bid is accepted.Admare Construction v. Freedman, 191 Conn. [497], 501 (1983)."
After receiving permission from the court, the plaintiff filed its second amended complaint on June 19, 1997. The defendant moved for an extension of time in which to respond to the amended complaint which the court granted. On September 16, 1997, the defendant filed a motion to strike count two of the plaintiff's second amended complaint. The defendant also filed a memorandum of law in support of its motion to strike. On October 3, 1997, the plaintiff filed a timely objection and a memorandum in opposition to the defendant's motion to strike. The defendant filed a reply to the plaintiff's objection on October 15, 1997.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted."Faulkner v. United Technologies Corp. , 240 Conn. 576, 580,693 A.2d 293 (1997). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [plaintiffs'] have stated a legally sufficient cause of action." Dodd v. Middlesex Mutual Assurance Company,242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Faulkner v. United Technologies Corporation, supra, 240 Conn. 580.
The defendant argues that the plaintiff's second amended complaint makes no new allegations which would permit a cause CT Page 2708 of action for breach of contract. The plaintiff argues that count two of its second amended complaint should not be stricken since it includes allegations not present in the first amended complaint, specifically, that the defendant made an offer which was accepted by the plaintiff's submission of its bid.
In count two of both the first and second amended complaints the plaintiff alleges that the defendant's project manual, advertising, and invitation for bids constituted an offer which the plaintiff accepted by submission of its bid. The second amended complaint sets forth no new facts which would sustain the legal sufficiency of the breach of contract claim. Nor does the plaintiff cite to any case law in support of its argument that it states a legally sufficient breach of contract claim.
Connecticut case law is clear that "[a] bid, even the lowest responsible one, submitted in response to an invitation for bids is only an offer which, until accepted by the municipality, does not give rise to a contract between the parties." (Internal quotation marks omitted.) AdmareConstruction Co. v. Freedman, 191 Conn. 497, 501-02,467 A.2d 674 (1983). "An unsuccessful bidder, therefore, has no legal or equitable right in the contract. Not unlike any other person whose offer has been rejected, the disappointed bidder has no right to judicial intervention." Id., 502.
Accordingly, the defendant's motion to strike count two of the plaintiff's second amended complaint is granted.
Martin, J.