[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Nelson Roberts has filed a motion to strike the amended intervening complaint filed by the intervening plaintiff Parents Foundation for Transitional Living, Inc. The plaintiff contends that the amended intervening complaint which asserts a claim for reimbursement under General Statutes § 31-293 is not appropriate in an action involving claims of a violation of General Statutes § 14-295 and a contract claim involving underinsured motorist benefits.
The plaintiffs complaint in this action seeks compensation for his injuries as a result of a motor vehicle accident which occurred on August 13, 1997 in the course of his employment with the intervening plaintiff Parents Foundation for Transitional Living, Inc. The first count of the plaintiffs complaint asserts negligence claims against the defendant Radamez Caraballo as the operator of the motor vehicle and the defendant Elizabeth Dones as the owner of the motor vehicle that allegedly struck the plaintiffs vehicle. The second count of the plaintiffs complaint asserts that the defendant Radamez Caraballo operated his vehicle deliberately and with reckless disregard in violation of General Statutes § 14-295. The third count contains a claim that the defendant National Indemnity Company breached the implied covenant of good faith and fair dealing in the contract of underinsured motorist coverage entered into with the intervening plaintiff Parents Foundation for Transitional Living, Inc.
The intervening plaintiff has filed an amended intervening complaint pursuant to General Statutes § 31-293 which seeks reimbursement from damages recovered by the plaintiff for the amounts the intervening plaintiff has paid on behalf of the plaintiff under the Workers' Compensation Act. The plaintiff claims that the complaint of the intervening plaintiff should be stricken because the second and third counts of his complaint do not assert claims from which the intervening plaintiff can seek reimbursement pursuant to General Statutes § 31-293.
The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. See Practice Book § 10-39. "The role of the trial court is to examine the complaint, construed in favor of the plaintiffs, to CT Page 978 determine whether the pleading party has stated a legally sufficient cause of action." Dodd v. Middlesex Mutual AssuranceCompany, 242 Conn. 375, 378 (1997). In this case, the issue is whether the facts as pleaded by the intervening plaintiff support a cause of action under § 31-293(a).
Section 31-293(a) allows an employer seeking to recover workers' compensation payments made to an injured employee to institute an action or to intervene in an action arising from "circumstances creating in a third person other than the employer a legal liability to pay damages for the injury." Even if the court were to assume that the second and third counts of the plaintiffs complaint assert causes of action that are not covered by § 31-293, the plaintiff concedes and it is beyond dispute that the first count of the plaintiffs complaint asserts a claim of negligence against tortfeasors that is within the parameters of § 31-293. Since the facts as pleaded by the intervening plaintiff support a cause of action under § 31-293, the intervening complaint has been appropriately filed in this action. Any issue with respect to the propriety of apportioning damages that may be received by the plaintiff under the second or third counts of the plaintiffs complaint is more appropriately left for consideration at an apportionment hearing.
Accordingly, the motion to strike the intervening complaint is hereby denied.
BY THE COURT
Judge Jon M. Alander