[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
This is an action in four counts seeking money damages for personal injuries sustained by each of the two plaintiffs as a result of an automobile accident.
The plaintiffs have alleged, inter alia, in the Second and Fourth Counts of their complaint that the alleged conduct of the defendant constitutes a public nuisance.
The defendant has filed a motion to strike the Second and Fourth Counts for the reason that the plaintiffs have failed to allege the necessary elements of public nuisance.
The first and second counts are brought by the plaintiff Myrna DelMoral and the third and fourth counts are brought by the plaintiff Emily DelMoral.
In the first and third counts, the plaintiffs allege that they were traveling in a vehicle on a public roadway in Waterbury when the employees of the defendant, Tilcon Connecticut, Inc. suddenly entered the roadway. The plaintiffs allege that the defendant's employees were attempting to stop traffic in order to allow vehicles to exit from an adjacent construction site. The plaintiffs further allege that as a result of the defendant's employees entering the roadway, the vehicle in which the plaintiffs were passengers was forced to stop. According to the plaintiffs, this caused their vehicle to be struck from behind by another vehicle. The first and third counts go on to enumerate the plaintiffs' specific injuries.
The second and fourth counts incorporate the factual allegations of the first and third counts respectively and allege in addition that as passengers on a public roadway, the plaintiffs were enjoying a right as members of the public, and that the defendant had no right or privilege to block the roadway. The second and fourth counts conclude that the blocking of the roadway by the defendant constituted a public nuisance.
On November 3, 1999, the defendant filed a motion to strike the second CT Page 5727 and fourth counts on the ground that the plaintiffs have failed to allege the necessary elements of a public nuisance. The defendant has filed a memorandum in support of its motion to strike as required by Practice Book § 10-42. The plaintiffs have not filed any objection or memorandum of law in response.
"Any adverse party who objects to [a motion to strike] shall, at least five days before the date the motion is to be considered on the short calendar, file and serve . . . a memorandum of law." Practice Book §10-42(b). There is a split among Superior Court judges regarding the effect of this provision. Some have concluded that the filing of the opposing memorandum is mandatory and that the plaintiff's failure to file a memorandum should automatically result in the granting of the motion. See Tersavich v. Stewart, Superior Court, judicial district of Tolland at Rockville, Docket No. 066043 (June 1, 1999, Stengel, J.);Resigna v. State, Superior Court, judicial district of Middlesex at Middletown, Docket No. 086683 (March 8, 1999, Gordon, J.). The majority of those presented with the issue, however, have determined that the trial court has discretion to consider the motion on its merits despite the failure of the party opposing the motion to file a memorandum. SeeBrouillard v. United Illuminating Co., Superior Court, judicial district of New Haven at New haven, Docket No. 418595 (June 1, 1999, Silbert,J.); Griffith v. Espada, Superior Court, judicial district of New Britain, Docket No. 489998 (January 25, 1999, Robinson, J.); SNET v.Pagano, Superior Court, judicial district of New Haven at New Haven, Docket No. 409079 (December 24, 1998, Zoarski, J.); Computer ClearingHouse, Inc. v. Stamford Computer Group, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 164240 (October 10, 1998, D'Andrea, J.); Sullivan v. Reiner, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 567323 (May 14, 1998, Hennessey, J.); Merola v. Ripley, Superior Court, judicial district of Litchfield, Docket No. 074775 (January 9, 1998, Pickett,J.); Finnucane v. Dandio, Superior Court, judicial district of New Haven at New Haven, Docket No. 366182 (May 28, 1997, Gray, J.). Under the majority rule, the court may exercise its discretion to consider the merits of the present motion.
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint, . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. "The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. . . . The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of CT Page 5728 action." (Citation omitted; internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
"A common-law nuisance claim consists of four core elements: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages. . . . In addition, [if] the plaintiff's injury [is] not related to a right which [the plaintiff] enjoys by reason of [her] ownership of an interest in land . . . and therefore, cannot be sustained as a private nuisance, the plaintiff has the additional burden associated with establishing a public nuisance, namely, proving that the nuisance interferes with a right common to the general public."[1] (Citations omitted; internal quotation marks omitted.) Elliott v. Waterbury, 245 Conn. 385, 420-21, 715 A.2d 27
(1998).
In the present case, the plaintiffs have failed to allege sufficient facts to support a claim of public nuisance. Most notably, the plaintiffs have not alleged facts supporting the second element of nuisance, that there was a continuing danger. "[T]he danger created must have been a continuing one, as opposed to a single act." Kostyal v. Cass,163 Conn. 92, 100, 302 A.2d 121 (1972). Here, the plaintiffs have pleaded nothing more than a single act by the defendant; the complaint simply states that the employees or agents of the defendant suddenly blocked the roadway on which the plaintiffs were traveling.
Because the plaintiffs have alleged only a single act by the defendant, rather than a continuing danger, the second and fourth counts of the complaint are legally insufficient. For that reason the motion to strike should be and is hereby granted.
 By the Court, Joseph W. Doherty