[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DRAGONE'S MOTION TO STRIKE
This action arises out of allegations regarding an underground oil storage tank (storage tank). The storage tank is located on residential property owned by the plaintiffs, Frank A. Piantidosi and Florence T. Piantidosi. The plaintiffs' complaint contains thirteen causes of action asserted against several defendants. In the ninth count, the plaintiffs assert a cause of action against Allan R. Dragone and Susan K. Dragone for a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110 et seq. (CUTPA). Pending before the court is the Dragone's motion to strike the ninth count.
According to the complaint, the plaintiffs purchased the property from the Dragones pursuant to a written agreement in which the Dragones represented that the storage tank had been legally abandoned. The plaintiffs allege that they relied on this representation in purchasing the property, that the representation was untrue when it was made, and that they would not have purchased the property had they known so. They allege that the Dragones made the representation in the course of trade or commerce and that their conduct violates CUTPA in that it offends public policy, violates established concepts of fairness, and constitutes unfair and deceptive practices and/or immoral, unethical, CT Page 6308 oppressive and/or unscrupulous practices. The plaintiffs further allege that they were damaged as a direct and proximate result of this conduct.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); see also Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 626-27, ___ A.2d ___ (2000).
In the motion to strike, the Dragones argue that the ninth count should be stricken because the allegations therein are insufficient to state a CUTPA claim. Specifically, they content that: (1) a CUTPA claim cannot be premised on a single sale of residential property by a private person who is not in the business of selling property; (2) a CUTPA claim cannot be premised on a basic breach of contract claim; and (3) the plaintiffs fail to specify which public policy the Dragones violated. The plaintiffs oppose the motion to strike on the following grounds: (1) a CUTPA claim can be based on a single sale of residential real estate by a seller who is not in the real estate business; (2) their CUTPA claim is not solely based on breach of contract; and (3) they have properly alleged a CUTPA violation.
The Connecticut Appellate Court has not ruled on the issue of whether CUTPA applies to a single sale of residential property by people who are not engaged in the business of selling real estate. Walker v. Barrett, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169673 (November 8, 1999, D'Andrea, J.). As noted by the parties, the judges of the Connecticut Superior Court are split on this issue. This court has recently stated that it "aligns itself with those Superior Court decisions which have held that a single act will not constitute a CUTPA violation if the actor is an individual not engaged in a trade or business, such as situations involving the one time sale or rental of a house by an individual not engaged in the business of selling or renting houses." Id. The court reasoned therein that "an isolated private sale of real estate by one not in the business of doing CT Page 6309 so, is not encompassed within the trade or commerce language CUTPA statute § 42-110b." (Internal quotation marks omitted.) Id.; see also Boyce v. Canby, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 153623 (February 17, 1998,Lewis, J.). Accordingly, the motion to strike is granted.
D'ANDREA, J.