# DARRELL DODD *v.* MIDDLESEX MUTUAL ASSURANCE COMPANY
## (SC 15398)

Borden, Norcott, Katz, McDonald and Peters, Js.

Argued December 4, 1996—officially released August 12, 1997

*Louis N. George*, with whom were *John S. Rubrich* and, on the brief, *David Garofoli*, legal intern, for the appellant (intervening plaintiff).

*Jon Berk*, for the appellee (defendant).

*Opinion*

KATZ, J. At issue in this appeal is whether General Statutes (Rev. to 1993) § 31-293 (a),[1] which authorizes

___

[1] General Statutes (Rev. to 1993) § 31-293 (a) provides: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate. In any case in which an employee brings an action against a third party in accordance with the provisions of this section, and the employer is a party defendant in the action, the employer may join as a party plaintiff in the action. The bringing of any action against an employer shall not constitute notice to the employer within the meaning of this section. If the employer and the employee join as parties plaintiff in the action and any damages are recovered, the damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of the recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting the recovery. The rendition of a judgment in favor of the employee or the employer against the third party shall not terminate the employer's obligation to make further compensation which the commissioner thereafter deems payable to the injured employee. If the damages, after deducting the employee's expenses as provided in this

employers who have made workers' compensation payments to employees injured by a third party to take action to recover those payments from that third party, entitles an employer to make such a claim against any recovery the employee may be due under the employee's own uninsured motorist provision of his or her automobile insurance policy. We conclude that any amounts an employee may receive from his or her uninsured motorist coverage are not within the reach of § 31-293 (a), and, therefore, that the employer has no right to recovery from those funds.

The facts are undisputed. The plaintiff, Darrell Dodd,[2] was at all times pertinent to this case an employee of the appellant, Eddie's Evergreen Mobil Service (Evergreen). On December 12, 1993, Dodd was seriously injured when the car he was driving was struck by another car that was unregistered, uninsured and bore stolen license plates. Because at the time of the accident Dodd was acting within the course of his employment,

subsection, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee. No compromise with the third person by either the employer or the employee shall be binding upon or affect the rights of the other, unless assented to by him. For the purposes of this section, the claim of the employer shall consist of (1) the amount of any compensation which he has paid on account of the injury which is the subject of the suit and (2) an amount equal to the present worth of any probable future payments which he has by award become obligated to pay on account of the injury. The word 'compensation', as used in this section, shall be construed to include incapacity payments to an injured employee, payments to the dependents of a deceased employee, sums paid out for surgical, medical and hospital services to an injured employee, the burial fee provided by subdivision (1) of subsection (a) of section 31-306, payments made under the provisions of sections 31-312 and 31-313, and payments made under the provisions of section 31-284b in the case of an action brought under this section by the employer or an action brought under this section by the employee in which the employee has alleged and been awarded such payments as damages."

[2] Although Dodd did not file a brief in this appeal, he notified this court that he supported the position of the defendant.

Evergreen was obligated to pay, and did pay, workers' compensation to Dodd. General Statutes § 31-291 et seq. In order to recover for losses not covered by workers' compensation, Dodd initiated this action against the defendant, Middlesex Mutual Assurance Company, from whom he had purchased an automobile insurance policy that included uninsured motorist coverage.

On October 10, 1993, relying on § 31-293, Evergreen filed a motion to intervene in Dodd's action, along with an intervening complaint seeking reimbursement of workers' compensation paid to Dodd. The trial court, *Holzberg, J.*, granted Evergreen's motion to intervene, whereupon the defendant, claiming that an employer has no right to reimbursement from uninsured motorist benefits, filed a motion to strike the intervening complaint for failure to state a cause of action. The defendant's motion was granted, and this appeal followed.[3]

"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. See Practice Book § 152. The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." *Napoletano* v. *CIGNA Healthcare of Connecticut, Inc.*, 238 Conn. 216, 232–33, 680 A.2d 127 (1996). In this case, the issue is whether the facts as pleaded by Evergreen support a cause of action under § 31-293 (a). Evergreen claims that § 31-293 (a), which allows an employer seeking to recover workers' compensation payments made to an injured employee to institute an action or to intervene in an action arising from "circumstances creating in a third person other than the employer a legal liability to pay damages for the injury," applies to payments made

---

[3] Evergreen appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

pursuant to an uninsured motorist provision. Specifically, Evergreen asserts that because an insurance carrier, like the defendant, has agreed to pay its insured damages he or she would otherwise have received from an adequately insured tortfeasor, and because the insurance carrier may assert the same defenses as the tortfeasor, the defendant in this case has, in effect, stepped into the shoes of the tortfeasor and is therefore subject to the strictures of § 31-293 (a). The defendant responds by arguing that the statute was enacted to protect employers from having to pay workers' compensation when an employee's injury was caused by a tortfeasor from whom damages may be recovered, and not to provide access to payments made to the employee under the employee's own uninsured motorist provision. The defendant argues that payments under such a provision are contractual benefits arising from a first party contract between an insurer and its insured, and "damages" are involved only to the extent that the insured's injuries, or damages, are the basis upon which the insurance benefits are calculated. We agree with the defendant that § 31-293 (a) does not apply to uninsured motorist coverage.

When we set out to interpret the meaning of a statute, "[o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Conway* v. *Wilton*, 238 Conn. 653, 663, 680 A.2d 242 (1996). Furthermore, "[w]hen a statute is in derogation of common law or creates a [right] where formerly none existed, it should receive a strict construction and is not to be extended, modified,

repealed or enlarged in its scope by the mechanics of [statutory] construction. . . . In determining whether or not a statute abrogates or modifies a common law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope." (Citation omitted; internal quotation marks omitted.) *Lynn* v. *Haybuster Mfg., Inc.*, 226 Conn. 282, 289–90, 627 A.2d 1288 (1993).

We begin with the language of the statute. Section 31-293 (a) allows an employer to take action against a "third person" who is legally liable to pay "damages" for an injury to an employee. Evergreen asserts that § 31-293 (a) applies to the defendant because, as the plaintiff's uninsured motorist insurance carrier, the defendant is a "third person" who has a legal liability to pay "damages." In response, the defendant argues that it is not a third person as contemplated by the statute and that any payments made by it to the plaintiff are not damages, but simply the benefits of a first party contract between the plaintiff and the defendant for which the plaintiff has paid a premium. Both parties find support for their arguments in the language of the statute, the state insurance regulations and the uninsured motorist provision itself.[4] We conclude that although the definitional difference between "damages" and "benefits" may be relevant to an understanding of the parties' positions, the outcome of this case is determined not by definitions but by an examination

---

[4] Evergreen relies on the fact that the word "damages" is often used in court decisions and insurance policies when referring to amounts owed to an insured by an insurer to support its argument that the defendant is liable for damages as that term is used in § 31-293 (a). The defendant offers this court's decisions in *Smith* v. *Safeco Ins. Co. of America*, 225 Conn. 566, 624 A.2d 892 (1993), and *Bodner* v. *United Services Automobile Assn.*, 222 Conn. 480, 610 A.2d 1212 (1992), to support its argument that money paid pursuant to an uninsured motorist provision is a benefit not to be equated with damages. *Smith* v. *Safeco Ins. Co. of America*, supra, 570.

of the purpose of workers' compensation, the policy reasons for allowing an employer, in certain circumstances, to recoup compensation payments, and the nature of an insurance policy.

Connecticut first adopted a statutory scheme of workers' compensation in 1913.[5] "The purpose of the Workers' Compensation Act [act]; General Statutes § 31-275 et seq.; is to provide compensation for injuries arising out of and in the course of employment, regardless of fault. *Klapproth* v. *Turner*, 156 Conn. 276, 279, 240 A.2d 886 (1968). Under the statute, the employee surrenders his right to bring a common law action against the employer, thereby limiting the employer's liability to the statutory amount. *Jett* v. *Dunlap*, 179 Conn. 215, 217, 425 A.2d 1263 (1979)." *Lynn* v. *Haybuster Mfg., Inc.*, supra, 226 Conn. 297. In return, the employee is compensated for his or her losses without having to prove liability. 1 A. Larson & L. Larson, Workmen's Compensation (1997) § 1.10, pp. 1-1 through 1-2. " 'In a word, these statutes compromise an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation.' *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 97, 491 A.2d 368 (1985)." *Lynn* v. *Haybuster Mfg., Inc.*, supra, 297.

Chapter 138, part B, § 6, of the 1913 Public Acts provided in relevant part: "When any injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto . . . any employer having paid the compensation shall be subrogated to the rights of the injured employee to recover against that person . . . ." That provision was subsequently amended,

---

[5] See Public Acts 1913, c. 138, entitled "An Act concerning Compensation to Workmen injured in the Course of their Employment."

removing the reference to subrogation and substituting language allowing an employer either to intervene in an action brought by an employee or to bring its own direct action against a third party. See Public Acts 1917, c. 368, § 1. The language of the 1917 act is virtually identical to that of the current § 31-293 (a),[6] the application of which is at issue in this case.

This statutory right of action, allowing a person other than the injured party to bring an action for an injury, did not exist at common law. "Under common law a cause of action for personal injuries cannot be assigned, and in the absence of a statutory provision to the contrary a right of action for personal injuries resulting from negligence is not assignable before judgment. 6 Am. Jur. 2d 220, Assignments, § 37. The rule is succinctly stated in the Restatement, 2 Contracts § 547 (1) (d): 'An assignment of a claim against a third person or a bargain to assign such a claim is illegal and ineffective if the claim is for . . . (d) damages for an injury the gist of which is to the person rather than to property, unless the claim has been reduced to judgment.' The annotation, 'Assignability of claim for personal injury or death,' 40 A.L.R.2d 500, 502 § 3, has noted: 'It seems that few legal principles are as well settled, and as universally agreed upon, as the rule that the common law does not permit assignments of causes of action to recover for personal injuries.' See cases therein cited. The rule was early recognized in Connecticut. See *Whitaker* v. *Gavit*, 18 Conn. 522, 526 [1847]. The reasons underlying the rule have been variously stated: unscrupulous interlopers and litigious persons were to be discouraged from purchasing claims for pain and suffering and prosecuting them in court as assignees; actions for injuries that in the absence of statute did not survive the death of the victim were deemed too personal in nature to be assignable; a tort-feasor was not to be

---

[6] See footnote 1 of this opinion.

held liable to a party unharmed by him; and excessive litigation was thought to be reduced. *Robins Dry Dock & Repair Co.* v. *Flint*, 275 U.S. 303, 48 S. Ct. 134, 72 L. Ed. 290 [1927]; *Rice* v. *Stone*, 83 Mass. [1 Allen] 566 [1861]; note, 40 A.L.R.2d 500." *Berlinski* v. *Ovellette*, 164 Conn. 482, 485–86, 325 A.2d 239 (1973), overruled on other grounds, *Westchester Fire Ins. Co.* v. *Allstate Ins. Co.*, 236 Conn. 362, 375, 672 A.2d 939 (1996).

The ability of someone other than the injured party, e.g., the employer, to bring or to intervene in an action against a third party is a clear deviation from the common law. *Iseli Co.* v. *Connecticut Light & Power Co.*, 211 Conn. 133, 137, 558 A.2d 966 (1989). Consequently, this statutory grant of right must be strictly construed and limited to those matters clearly within its scope. *Lynn* v. *Haybuster Mfg., Inc.*, supra, 226 Conn. 289.

In 1913, when the act was first passed, an action in tort was the only action available to an employee who had been injured on the job. Under the act, an injured employee could no longer sue his or her employer, however, the employee retained the right to bring an action against a third party having "a legal liability." Uninsured motorist coverage was not in existence at that time and it is not likely that the legislature had any such insurance in mind when preserving that right. It is equally unlikely that the legislature contemplated uninsured motorist coverage when creating the employer's right of recovery in third party actions. Rather, it is reasonable to assume that the legislature intended that section of the act to apply to a traditional tort action against a wrongdoer. This construction of the act is consistent with prior decisions by this court interpreting the terms "third party" and "third person" as referring to the actual tortfeasor. See *Winslow* v. *Lewis-Shepard, Inc.*, 216 Conn. 533, 537, 582 A.2d 1174 (1990) (§ 31-293 read to allow employers to intervene in actions against tortfeasors); *Stavola* v. *Palmer*, 136

Conn. 670, 677–78, 73 A.2d 831 (1950) (right of reimbursement based on theory that employer has satisfied obligation "which was primarily the obligation of the tortfeasor"); *Stulginski* v. *Cizauskas*, 125 Conn. 293, 298, 5 A.2d 10 (1939) (statute allowing reimbursement applies "to any other third party who commits such a tort"); *Geraty* v. *Kaufman*, 115 Conn. 563, 568, 162 A. 33 (1932) (referring to statutory third person as "wrongdoer"). It is also consistent with the statutory assignment. By allowing the employer to take action in order to recover the workers' compensation benefits it was legally obligated to pay to its injured employee, the act ensured that, as in an action in tort, the ultimate loss fell upon the wrongdoer. 6 A. Larson & L. Larson, supra, §§ 71.00—71.10, pp. 14-1 through 14-4.

An action to recover under an automobile insurance policy is not an action in tort but, rather, an action in contract. "The obligation of [an] insurance carrier providing uninsured motorist coverage as a part of its liability insurance coverage on the automobile of the insured person is a *contractual* obligation arising under the policy of insurance. . . . *State Farm Mutual Automobile Ins. Co.* v. *Board of Regents of the University System of Georgia*, 226 Ga. 310, 311, 174 S.E.2d 920 (1970). Payments made pursuant to an uninsured motorist policy are paid on behalf of the insured, and not on behalf of the financially irresponsible motorist who has caused the insured's injuries. *Pecker* v. *Aetna Casualty & Surety Co.*, 171 Conn. 443, 452, 370 A.2d 1006 (1976)." (Emphasis in original; internal quotation marks omitted.) *Mazziotti* v. *Allstate Ins. Co.*, 240 Conn. 799, 817, 695 A.2d 1010 (1997).

Evergreen acknowledges the contractual nature of the plaintiff's action under his policy but nevertheless contends that, by virtue of the insurance contract, the defendant has stepped into the shoes of the tortfeasor.

We disagree. We do not believe that the facts and circumstances of this case warrant such a result. As a general rule, "[t]he insurer is not the alter ego of the tortfeasor and, although its contractual liability is premised in part on the contingency of the tortfeasor's liability, they do not share the same legal [status]." Id. Before an insurance carrier may be required to perform under the uninsured motorist provision of its contract with an insured, there must be proof of a causal connection between the insured's injuries and the actions of an inadequately insured motorist. *Travelers Ins. Co.* v. *Kulla*, 216 Conn. 390, 398, 579 A.2d 525 (1990). Thus, the insurer cannot be deemed a "third party" under the statute, because that is the position held by the actual tortfeasor; moreover, the mere fact that the insurer's obligation to the insured is measured by the damages caused by the tortfeasor does not, of itself, transform the insurer into a surrogate for the tortfeasor for the purposes of § 31-293 (a).

Our conclusion is consistent with the majority view. See 6 A. Larson & L. Larson, supra, § 71.23 (a), pp. 14-28 through 14-33; see also *Commissioners of the State Ins. Fund* v. *Miller*, 4 App. Div. 2d 481, 482, 166 N.Y.S.2d 777 (1957) ("[The] insurer cannot, however, be deemed the alter ego of the tort feasor. It does not insure the tort feasor against liability; it insures its policyholder against the risk of inadequate compensation for his compensable injuries. Its liability . . . is contractual, although premised in part upon the contingency of a third party's tort liability."). Accord *Knight* v. *Ins. Co. of North America*, 647 F.2d 127 (10th Cir. 1981); *Holmes* v. *Washington Metropolitan Area Transit Authority*, 731 F. Sup. 1115 (D.D.C. 1990); *Allied Mutual Ins. Co.* v. *Larriva*, 19 Ariz. App. 385, 507 P.2d 997 (1973); *Travelers Ins. Co.* v. *National Farmers Union Property & Casualty Co.*, 262 Ark. 624, 480 S.W.2d 585 (1972); *State*

*Compensation Ins. Fund* v. *Gulf Ins. Co.*, 628 P.2d 182 (Colo. App. 1981); *Volk* v. *Gallopo*, 585 So. 2d 1163 (Fla. App. 1991); *State Farm Mutual Automobile Ins. Co.* v. *Board of Regents of the University System of Georgia,* supra, 226 Ga. 310; *March* v. *Pekin Ins. Co.*, 465 N.W.2d 852 (Iowa 1991); *Janzen* v. *Land O' Lakes*, 278 N.W.2d 67 (Minn. 1979); *Barker* v. *Palmarin*, 799 S.W.2d 117 (Mo. App. 1990); *Commissioners of the State Ins. Fund* v. *Miller,* supra, 481; *Hartford Accident & Indemnity Co.* v. *Glickman*, 84 Misc. 2d 33, 374 N.Y.S.2d 566 (1975); *Bill Hodges Truck Co.* v. *Humphrey*, 704 P.2d 94 (Okla. App. 1984); *Rhodes* v. *Automotive Ignition Co.*, 218 Pa. Super. 281, 275 A.2d 846 (1971); *Southeast Furniture Co.* v. *Barrett*, 24 Utah 2d 24, 465 P.2d 346 (1970).

We find further support for the position that an insurer is not a third party under § 31-293 (a) in the fact that when the legislature last revisited § 31-293, it took no action to amend the statute to reflect the reality that uninsured motorist coverage is now mandatory for all automobile insurance policies issued in this state. See Public Acts 1996, No. 96-65, § 2. "The legislature is presumed to be aware and to have knowledge of all existing statutes and the effect which its own action or nonaction may have on them." *Windham First Taxing District* v. *Windham*, 208 Conn. 543, 554, 546 A.2d 226 (1988). Furthermore, the legislature failed to amend § 31-293 (a) despite past decisions by this court using the terms "third party" and "tortfeasor" interchangeably. See *Winslow* v. *Lewis-Shepard, Inc.*, supra, 216 Conn. 533; *Stavola* v. *Palmer,* supra, 136 Conn. 670; *Stulginski* v. *Cizauskas,* supra, 125 Conn. 293; *Geraty* v. *Kaufman,* supra, 115 Conn. 563. It is a basic tenet of statutory construction that "the legislature is presumed to be aware of the judicial construction placed upon its enactments." *Lumbermens Mutual Casualty Co.* v. *Huntley*, 223 Conn. 22, 30, 610 A.2d 1292 (1992). We conclude, therefore, that the legislature could not

have intended that § 31-293 (a) should apply to uninsured motorist coverage.

Evergreen has argued that if § 31-293 (a) does not apply to actions to recover uninsured motorist benefits, injured employees may receive a double recovery in that they could receive workers' compensation as well as the full amount due under their uninsured motorist policies. Indeed, § 31-293 was enacted in part to prevent such double recovery. *Gurliacci* v. *Mayer*, 218 Conn. 531, 576, 590 A.2d 914 (1991). The defendant argues in response that there would be no double recovery because § 38a-334-6[7] of the Regulations of Connecticut State Agencies allows an insurer to insert a provision in its contract with the insured mandating a setoff equal to any amounts paid to the insured by way of workers' compensation, thereby preventing double recovery by the employee. This regulatory setoff was approved by this court in *Wilson* v. *Security Ins. Co.*, 213 Conn. 532, 569 A.2d 40, cert. denied, 498 U.S. 814, 111 S. Ct. 52, 112 L. Ed. 2d 28 (1990), cert. denied, 502 U.S. 1005, 112 S. Ct. 640, 116 L. Ed. 2d 658 (1991), and has the force and effect of a statute. *Travelers Ins. Co.* v. *Kulla*, supra, 216 Conn. 399.

Evergreen argues, nevertheless, that public policy against double recovery requires that § 31-293 apply *whenever* the employer seeks reimbursement. If that were true, however, the result would be that in a case involving the uninsured motorist provision of an insurance policy containing the setoff provision the injured employee would be subject to a double deduction. Ever-

---

[7] Section 38a-334-6 of the Regulations of Connecticut State Agencies provides in pertinent part: "(d) Limits of liability. The limit of the insurer's liability may not be less than the applicable limits for bodily injury liability specified in subsection (a) of section 14-112 of the general statutes, except that the policy may provide for the reduction of limits to the extent that damages have been . . . (2) paid or are payable under any workers' compensation or disability benefits law . . . ."

green attempts to avoid this possibility by arguing that § 31-293 would control in such a case, and that the insurance policy setoff provision would be inoperative. Under this interpretation, the regulatory right of setoff would apply only in that rare instance when the employer has chosen not to invoke § 31-293. More often than not, this would render the regulation superfluous. "Elementary rules of statutory construction require the presumption that the legislature [does] not intend to enact superfluous legislation." *State* v. *Ellis*, 197 Conn. 436, 472–73, 497 A.2d 974 (1985).

Rather than adopt Evergreen's reading of these statutory and regulatory provisions to create a genuine conflict that would result in a nullification of one by the other, as a reviewing court we should seek to harmonize the legislation so as to avoid conflict. *Shortt* v. *New Milford Police Dept.*, 212 Conn. 294, 301, 562 A.2d 7 (1989). "Where, as here, more than one [provision] is involved, we presume that the legislature intended them to be read together to create a harmonious body of law; *Vartuli* v. *Sotire*, 192 Conn. 353, 362, 472 A.2d 336 (1984); *McLaughlin Ford, Inc.* v. *Ford Motor Co.*, 192 Conn. 558, 563 n.7, 473 A.2d 1185 (1984); and we construe the [provisions], if possible, to avoid conflict between them. *State* v. *West*, 192 Conn. 488, 494, 472 A.2d 775 (1984); *Blue Cross & Blue Shield of Connecticut, Inc.* v. *Mike*, 184 Conn. 352, 362, 439 A.2d 1026 (1981)." *Berger* v. *Tonken*, 192 Conn. 581, 589–90, 473 A.2d 782 (1984). We achieve this harmonization by reading § 31-293 (a) and § 38a-334-6 (d) (2) together to further the legislative purpose that an injured employee be compensated as fully as possible, but not doubly compensated, for his or her injuries while ensuring that the employer retains the right to proceed against a wrongdoer to recover workers' compensation payments made to the employee. Section 31-293 (a), properly construed, applies only to third party tort actions

between an injured party and a wrongdoer, while the insurance regulation, properly construed, applies only to first party contract actions between the insurer and the insured. Thus, there is no opportunity for conflict.[8]

The judgment is affirmed.

In this opinion the other justices concurred.

---

[6] We note that nothing in this opinion, § 31-293 (a) *or* § 38a-334-6 prevents an employer from initiating an action of its own against the actual third party tortfeasor even though the employee has chosen to look to his or her uninsured motorist insurance carrier for recovery. See *Libby* v. *Goodwin Pontiac-GMC Truck, Inc.*, 241 Conn. 170, 175–76, 695 A.2d 1036 (1997).