### JOSEPH MATTEO *v.* JORGE ALVAREZ ET AL. (AC 18177)

Foti, Schaller and Sullivan, Js.

Argued February 18—officially released May 25, 1999

*Audrey C. Kramer*, assistant corporation counsel, for the appellant (intervening plaintiff).

*Stephen G. Murphy, Jr.*, with whom, on the brief, was *Mark Milano*, for the appellee (defendant Aetna Insurance Company.)

*Opinion*

SULLIVAN, J. The intervening plaintiff city of New Haven appeals the judgment of the trial court rendered following the granting of the motion to strike filed by the defendant Aetna Insurance Company (Aetna). The sole issue on appeal is whether General Statutes (Rev. to 1995) § 31-293,[1] which authorizes an employer who has made workers' compensation payments to an employee injured by a third party to take action to recover those payments from that third party, entitles an employer to make such a claim against any recovery an employee may be due under the uninsured motorist provision of the employer's policy. We conclude that it does not.

The following relevant facts are undisputed. On August 22, 1995, the plaintiff, Joseph Matteo, was a passenger in a car owned by his employer, the city of

---

[1] General Statutes (Rev. to 1995) § 31-293 (a) provides in relevant part: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. . . ."

New Haven water pollution control authority. Matteo was acting in the scope of his employment. The named defendant, Jorge Alvarez, injured Matteo when his car struck the car in which Matteo was riding. Matteo recovered workers' compensation benefits for his medical expenses, permanent partial disability and lost wages.

Matteo brought an action against Alvarez; Matteo's own uninsured motorist carrier, Liberty Mutual; and the city's carrier, Aetna. After the city intervened pursuant to § 31-293, Aetna filed a motion to dismiss with respect to the city, which the trial court granted.

As previously stated, the sole issue on this appeal is whether the reach of § 31-293 extends to any amounts that an employee may receive from his employer's uninsured motorist coverage. Although this issue is one of first impression, our Supreme Court has held in *Dodd* v. *Middlesex Mutual Assurance Co.*, 242 Conn. 375, 698 A.2d 859 (1997), that any amounts that an employee may receive from *his own* uninsured motorist coverage are beyond the reach of § 31-293. Because the identity of the insured—whether employer or employee—does not affect the analysis of *Dodd*, we conclude that *Dodd* controls.

Section 31-293 (a) is a statutory grant of right that deviates from the common law and must therefore be strictly construed. *Dodd* v. *Middlesex Mutual Assurance Co.*, supra, 242 Conn. 383. Our Supreme Court interprets the terms "third party" and "third person," as used in the statute, as referring to the "actual tortfeasor." Id. "Section 31-293 (a), properly construed, applies only to third party tort actions between an injured party and a wrongdoer . . . ." Id., 388–89. The rationale is that, "as in an action in tort, the ultimate loss [should fall] upon the wrongdoer." Id., 384.

The relationship between an injured employee and an uninsured motorist insurance carrier is not one of

victim and surrogate tortfeasor but is a contractual one, and "the mere fact that the insurer's obligation . . . is measured by the damages caused by the tortfeasor does not, of itself, transform the insurer into a surrogate for the tortfeasor for the purposes of § 31-293 (a)." Id., 385. The insurer simply is not a "wrongdoer" in any sense of the statute.

Nothing in the Supreme Court's analysis in *Dodd* relies on the fact that the employee rather than the employer is the insured. Instead, the rationale of the statute and the nature of the insurance policy as contractual are dispositive. We find that *Dodd* controls and conclude that the trial court properly relied on that case in granting Aetna's motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.