[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
This is an uninsured motorist action against the defendant Government Employees Insurance Company (GEICO), arising from an automobile accident of May 24, 1997. GEICO has filed an apportionment complaint against Topeka Jemmott pursuant to Conn. Gen. Stat. §52-102b. Topeka Jemmott is not the operator of the alleged "uninsured motor vehicle" upon which the plaintiffs' claims against GEICO are based but rather the operator of a third vehicle which GEICO claims contributed to the accident.
The apportionment defendant, Topeka Jemmott has now moved to strike the apportionment complaint filed by GEICO. Essentially, it is the claim of the defendant Jemmott that § 52-102b allowing the filing of an apportionment complaint applies only to negligence actions governed by Conn. Gen. Stat. § 52-572h. The defendant Jemmott claims that an uninsured motorist claim is an action based upon contract and is not a negligence action, citing Dodd v. MiddlesexMutual Assurance Company, 242 Conn. 375, 384 (1997).
The defendant GEICO objects to the motion to strike claiming that an uninsured motorist action is unique because while it is based upon a contract between an insurer and its insured, the measure of recovery is governed by the liability for negligence of the alleged uninsured vehicle. Furthermore, the defendant GEICO claims that to disallow apportionment in such a case would result in a windfall to the plaintiffs since they would then be permitted to collect more from their uninsured motorist carrier than they would from the uninsured motorist had the latter carried adequate insurance. CT Page 4864-aa
The apportionment defendant Jemmott made the further claim at oral argument that an apportionment complaint is not necessary to address the windfall argument of GEICO since the liability of GEICO pursuant to its policy is limited to that which would be recoverable from the uninsured motorist, which liability would be only for such operator's proportionate share of negligence in accordance with § 52-572h.[1]
It is the opinion of the court that by its very language § 52-102b applies only to negligence actions and that an uninsured motorist claim is one based upon contract. The motion to strike of the apportionment complaint is therefore granted. The court is not ruling on the question of whether GEICO is or is not liable for a greater percentage of negligence than that of the alleged uninsured motorist which issue may, of course, be raised at the time of trial.
THOMPSON, J.