[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 119)
CT Page 9215
Before the court is the defendant's motion to strike the second count of the plaintiff's complaint on the ground that it fails to state a recognized claim under the Connecticut Unfair Practice Act. The plaintiff, Richard A. Johnson, executor of the estate of Stefan Martisek, brings this action for medical malpractice and a violation of the Connecticut Unfair Trade Practices Act; General Statutes § 42-110b et seq. (CUTPA).[1] In the first count of the complaint, the plaintiff asserts a cause of action against the defendant for medical malpractice based on the defendant's alleged failure to properly diagnose and treat his lung cancer. In count two, the plaintiff asserts a cause of action against the defendant for a violation of CUTPA. The plaintiff alleges that the defendant purchased a supply of Chinese herbal pills for $500 on speculation that he would procure a purchaser for resale. The defendant then recommended the Chinese pills to Martisek for the treatment of his lung cancer and sold him the pills for $1050. The plaintiff further alleges that the defendant failed to disclose to the plaintiff that he had recently purchased the pills and their wholesale price. The plaintiff asserts that the defendant's actions were conducted in the course of a trade or business and that the 100% mark-up on the pills was unconscionable and unfair.
The defendant now moves to strike the second count of the plaintiff's complaint. The defendant filed a memorandum of law in support of his motion to strike. The plaintiff filed an objection to the motion to strike, but did not file a memorandum in opposition.[2]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). "The role of the trial court (is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Brackets in original; internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Company, 242 Conn. 375, 378, 698 A.2d 859
(1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . [W]hat is necessarily implied [in an allegation] need not be expressly alleged." (Brackets in original; citations omitted; internal quotation marks omitted.) Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). CT Page 9216
The defendant's motion to strike the second count of the plaintiff's complaint on the ground that it does not state a legally sufficient cause of action under CUTPA rests on the argument that the facts as alleged do not implicate the entrepreneurial or business aspects of the defendant's profession. The defendant argues that such "an allegation is necessary to sustain a CUTPA claim in the context of a medical malpractice action. In addition, the defendant argues that count two should be stricken because the allegations therein are insufficiently specific to support a CUTPA cause of action. The defendant further claims that the plaintiff has not alleged actual damages as required by General Statutes § 42-110g. At oral argument the plaintiff argued that his allegation that the defendant sold pills to Martisek at a 100% profit implicates an entrepreneurial or business aspect of the defendant's profession. The plaintiff did not specifically respond to the defendant's contention regarding his failure to allege actual damages.
 ENTREPRENEURIAL OR BUSINESS ASPECTS
"[T]he touchstone for a legally sufficient CUTPA claim against a health care provider is an allegation that an entrepreneurial or business aspect of the provision of services in implicated, aside from medical competence or aside from medical malpractice . . . . [V]iolations predicated on negligence or malpractice, whether legal or medical, are not covered [under CUTPA] because those claims address only competence." (Citations omitted; internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 213, 746 A.2d 730 (2000).
Here the plaintiff's allegations in count two are insufficient to implicate the entrepreneurial or business aspect of the defendant's profession. The plaintiff's allegations do not set forth with sufficient particularity how or in what way those aspects are implicated by the defendant's sale of the Chinese pills to the plaintiff for treatment. Certainly this court would not be surprised to discover that a hundred percent mark-up in the drug industry was either common or uncommon due to the fact that the usual mark-up is greater than a hundred percent. "A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. TextileMills, Inc. v. Brown, Jacobson, Tillinghast, Lahan King,32 Conn. App. 786, 797, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993).
 ACTUAL DAMAGES AND ASCERTAINABLE LOSS
"[T]he ascertainable loss requirement is a threshold barrier which limits the class of persons who may bring a CUTPA action seeking either CT Page 9217 actual damages or equitable relief. . . . An ascertainable loss is a deprivation, detriment [or] injury that is capable of being discovered, observed, or established." (Citations omitted; internal quotation marks omitted.) Service Road Corp. v. Quinn, 241 Conn. 630, 638-39, 698 A.2d 258
(1997). The court concludes that in count two the plaintiff has failed to plead that he suffered actual damages in the CUTPA count. As stated above, CUTPA claims must be pleaded with specificity. See S.M.S. Textile Mills, Inc. v, Brown, Jacobson, Tillinghast, Lahan King, supra,32 Conn. App. 797.
Therefore, the defendant's motion to strike is granted.
SKOLNICK, J.