[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE (#110)
The defendant Bridgeport Hospital ("hospital") has moved to strike count four of the revised complaint dated November 29, 2001. In this count the plaintiffs allege an assault based on a claim that surgery was performed without the informed consent of the plaintiff Deborah Fraleigh ("Fraleigh").
The hospital, relying on Godwin v. Danbury Eye Physicians Surgeons,P.C., 254 Conn. 131, 137, 254 A.2d 516 (2000), argues that the fourth count is legally insufficient because the plaintiff has failed to plead the necessary elements of assault. A patient can only recover for assault "when the physician (1) fails to obtain any consent to the particular treatment (2) performs a different procedure from the one for which consent has been given, or (3) realizes that the patient does not understand what the procedure entails." Id., 254 Conn. 137; Logan v.Greenwich Hospital Assn., 191 Conn. 282, 289, 465 A.2d 294 (1983).
The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2,650 A.2d 152 (1994). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 153 (1997).
The revised complaint alleges that on July 15, 1998, Fraleigh met with the defendant Dr. Peter E. Van Dell ("Van Dell"), complained of considerable intermittent nausea, cramping and pain in her lower abdomen, advised him that she had performed two home pregnancy tests with negative results and informed him that uterine fibroid tumors had been discovered during the course of the delivery of her second child by CT Page 762 C-section on May 14, 1997. (Revised Complaint, First Count, ¶¶ 5, 6). Fraleigh and Van Dell discussed the removal of the fibroid tumors and, after Fraleigh told Van Dell that she did not wish to have any more children, Van Dell recommended that she undergo a total hysterectomy with a possible bilateral salpingo-oophorectomy, "to which procedures she then consented in writing." (Id., ¶ 7).On August 12, 1998, Fraleigh attended a pre-operative appointment at the hospital "where she signed a consent form indicating her consent to such medical and hospital care . . . as the medical staff and personnel deemed necessary." (Id., ¶ 10). On August 19, 1998, Fraleigh was admitted for surgery and, after being administered general anesthesia, Van Dell cut open her abdomen revealing a large uterus. A urine pregnancy test was then performed with a positive result, the surgery was terminated and the surgical incisions closed up. (Id. ¶ 11).
The facts alleged do not state a cause of action for assault. The plaintiffs acknowledge that the complaint alleges that Fraleigh gave written consent for a total hysterectomy with a possible bilateral salpingo-oophoretomy and for such medical and hospital care deemed necessary in connection with that procedure. They claim, however, that Van Dell performed a different procedure from that for which consent was given. The complaint contains no such allegation. Moreover, the law is clear that "the focus of the consent is on the conduct or procedure to be performed, not its consequences. . . ." Godwin v. Danbury Eye Physicians Surgeons, P.C., supra, 254 Conn. 138, citing 4 Restatement (Second), Torts § 892A, comments (c) and (e), pp. 365-67; id., § 892B, comment (c), p. 371.
For the foregoing reasons, the defendant's motion to strike the fourth count is granted.
LINDA K. LAGER, JUDGE