[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
 FACTS
On November 20, 2001, the plaintiffs, Cheryl Guarino and Robert Guarino, on behalf of their minor child, Alexander Guarino, and in their individual capacities, filed a six-count amended complaint against the defendants, Craig Huttler (Huttler), Obstetrics Gynecology of New Haven, P.C. (OGNH) and Hospital of St. Raphael's (St. Raphael's). This action arises out of injuries and losses allegedly sustained as a result of the medical care rendered and procedures performed by the defendants both before, during and following Cheryl Guarino's delivery of the minor plaintiff. The medical care and procedures performed commenced on or about July 10, 1999.
Counts one, two and three are brought on behalf of the minor plaintiff and allege negligence on the part of Huttler, OGNH and St. Raphael's, respectively, for their failure to provide proper treatment, diagnosis, monitoring and supervision of the minor and the mother during pregnancy, labor, delivery and in post-natal care. Count four is brought by Cheryl Guarino for negligent infliction of emotional distress. Count five, a claim for bystander emotional distress, is brought by Robert Guarino. Count six, brought by Cheryl Guarino and Robert Guarino, is a claim for medical expenses for the care of the minor plaintiff.
On February 28, 2002, St. Raphael's filed a motion to strike count five of the amended complaint on the ground that Connecticut does not recognize the cause of action set forth therein. St. Raphael's also filed a memorandum in support of its motion to strike. On April 15, 2002, the plaintiffs timely filed a memorandum in opposition.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal CT Page 11197 sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). On a motion to strike, the trial court "[examines] the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex MutualAssurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Lombard v.Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
St. Raphael's moves to strike count five on the ground that Connecticut does not recognize a cause of action for bystander emotional distress in the medical malpractice context. St. Raphael's argues that the controlling case is Maloney v. Conroy, 208 Conn. 392, 393, 545 A.2d 1059
(1988), where the Connecticut Supreme Court expressly declined to recognize a cause of action for bystander emotional distress in the medical malpractice context. St. Raphael's maintains that Maloney is still good law, even in light of the Supreme Court's subsequent decision in Clohessy v. Bachelor, 237 Conn. 31, 51, 675 A.2d 852 (1996), in which the court stated that as a general matter, claims for bystander emotional distress are allowable provided that certain criteria are met. St. Raphael's argues that while Clohessy does hold that Connecticut courts will generally recognize a cause of action for bystander emotional distress, this holding does not limit or modify the court's specific holding in Maloney, that such claims are not allowed in medical malpractice actions. St. Raphael's further argues that nowhere inClohessy does the court expressly overrule Maloney nor does the court give any indication that its decision would be applicable to medical malpractice actions.
The plaintiffs contend that Connecticut does recognize a cause of action for bystander emotional distress in medical malpractice cases. The plaintiffs argue that Clohessy is the controlling law on the matter and that it implicitly overruled Maloney. The plaintiffs maintain that they have alleged a legally sufficient cause of action for bystander emotional distress because they have alleged in their complaint all four requirements set forth in Clohessy. (Plaintiffs' Memorandum in Opposition to Motion to Strike, p. 5.)
In Maloney, our Supreme Court held that "a bystander to medical malpractice may not recover for emotional distress. . . ." Maloney v.Conroy, supra, 208 Conn. 393. In Clohessy, however, the court held that a plaintiff "should be allowed to recover, within certain limitations, for CT Page 11198 emotional distress as a result of harm done to a third party." Clohessyv. Bachelor, supra, 237 Conn. 49. The court established several factors that a plaintiff must allege in order to establish a claim for bystander emotional distress. Id., 56. The court did not, however, overruleMaloney.
There is a split of authority on the Superior Court level as to whether a claim for bystander emotional distress is legally sufficient in a medical malpractice action. One line of cases, representing the rationale relied upon by St. Raphael's, asserts that Maloney is the controlling authority and a bystander emotional distress claim in a medical malpractice action is not legally sufficient. See Pedro v. St. Mary'sHospital, Superior Court, judicial district of Waterbury, Docket No. CV 01 0163145 (November 13, 2001, Rogers, J.); Wattman v. New HartfordVolunteer, Fire Dept. Ambulance Services, Inc., Superior Court, judicial district of Waterbury, Docket No. CV 00 0156795 (October 10, 2001,Rogers, J.); Torres v. American Medical Response of Connecticut, Superior Court, judicial district of Hartford, Docket No. CV 00 0802360 (September 6, 2001, Peek, J.); Chavarria v. Stamford Health System, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV 00 0175976 (June 28, 2001, Karazin, J.) (30 Conn.L.Rptr. 176, 178).
The second line of cases, representing the rationale relied upon by the plaintiffs, hold that Clohessy is controlling and so long as a plaintiff sufficiently alleges the four factors set forth in Clohessy, a claim for bystander emotional distress is recognized in the medical malpractice context. See Turner v. Obstetrics Gynecology Associates of Stamford, Superior Court, judicial district of Stamford, Docket No. CV 98 0169616 (September 6, 2001, D'Andrea, J.T.R.); Vanase v. State, Superior Court, judicial district of New London, Docket No. CV 000554764 (February 1, 2001, Hurley, J.T.R.) (28 Conn.L.Rptr. 665, 666); Derosa v. Master, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. CV 99 0067788 (August 24, 2000, Nadeau, J.); Huhn v. Goldstone-Orly, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 98 0352421 (February 10, 2000, Melville, J.) (26 Conn.L.Rptr. 535, 537).
This court first addressed the issue of bystander emotional distress claims in the medical malpractice context in Verona v. Levine, Superior Court, judicial district of Hartford, Docket No. CV 98 0583690 (October 6, 1999, Booth, J.), and held that such claims are legally insufficient. "[T]he court is persuaded that the rule in Maloney, precluding bystander emotional distress claims arising out of medical malpractice, survivesClohessy. . . . Had there been a majority of the Supreme Court inClohessy in favor of overruling Maloney, the court is persuaded that the CT Page 11199 Supreme Court would have done so expressly." Verona v. Levine, supra, Superior Court, Docket No. CV 98 0583690.
The reasoning of Verona is applicable to the present case. The court has carefully considered but sees no reason to change the conclusion which it reached in Verona.
The motion to strike is granted.
Kevin E. Booth, Judge CT Page 11200