[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
This matter was heard by the Honorable Andre Kocay who died prior to issuing a decision. Upon review of and familiarization of myself with the proceedings, I issue this decision pursuant to General Statutes §51-183f and Stevens v. Hartford Accident and Indemnity Co.,29 Conn. App. 378, 383-86 (1981).
On September 4, 2002, the plaintiffs, Edward and Carol Curry, filed a fourteen-count complaint against the defendants, Gary and Joyce Turyek, Gloria and Sebastian Armenta, William and Michael McCrann, Robert and Karen Kowalczyk, John and Karen Morrissey, Ralph and Dorothy Meyer, and Linda and Mark Possidento in small claims court alleging negligent and intentional infliction of emotional distress.
On September 26, 2002, the defendants, Ralph and Dorothy Meyer, filed a motion to transfer the plaintiffs' claim to the civil docket pursuant to Practice Book § 24-21, which was granted by the court on September 27, 2002. On October 23, 2002, the defendants, Gary and Joyce Turyek, filed a motion to strike counts Thirteen and Fourteen of the plaintiffs' complaint. They allege that these counts are identical to the allegations made in the civil action, Docket No. CV 02 0214544, currently pending in New Britain Superior Court. Therefore, the defendants maintain, the allegations are barred under the prior pending action doctrine. They further allege that the plaintiffs' claims are legally insufficient as the allegations made by the defendant, Gary Turyek, arise out of statements made in open court, and, as such, these statements are privileged.
In counts Thirteen and Fourteen of the Complaint, the plaintiffs allege that the defendant, Gary Turyek, lied to Judge Dunnell in court when he stated that "his children Heather and Patrick Turyek were deathly afraid of going outside of their home because they believe Edward Curry was CT Page 2905-ar going to kill them" and "Edward Curry was videotaping him and his friends `doing yard work.'" (Plaintiffs' Complaint, Count Thirteen ¶ 3 and Count Fourteen ¶ 3.) The plaintiffs claim that as a result of these lies, they have lost sleep and money, have incurred medical problems and are emotionally upset.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotations marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, 698 A.2d 859 (1997).
"The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction . . . We must examine the pleadings to ascertain whether the actions are virtually alike . . . and whether they are brought toadjudicate the same underlying rights." (Citations omitted; internal quotation marks omitted.) Cahaly v. Benistar Property Exchange TrustCo., 73 Conn. App. 267, 279 (2002).
In this case, the plaintiffs' complaint dated September 4, 2002, and the amended complaint dated August 7, 2002, are virtually alike. The plaintiffs commenced a prior action by filing a small claims writ and complaint. This prior complaint, Docket No. CV 020514544, was also transferred to the Superior Court civil docket. After examining the pleadings to determine whether the actions are virtually alike and whether they are brought to adjudicate the same underlying rights, the court notes that the allegations of the August 7, 2002 complaint are identical to the allegations in the present complaint. The present case and the prior pending action both (1) arise from the same facts, (2) are of the same character, (3) include the same parties, and (4) seek to obtain the same end or object. Therefore, the prior pending action doctrine applies, and the defendants' motion to strike counts Thirteen and Fourteen CT Page 2905-as of the Amended Complaint is granted.
The defendants also allege that Counts Thirteen and Fourteen should be stricken because statements made in a judicial proceeding are absolutely privileged and cannot form the basis of a civil action for infliction of emotional distress. "It has long been established that there is an absolute privilege for statements made in a judicial proceedings . . . There is a long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy . . . The effect of an absolute privilege is that damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously . . . The policy underlying the privilege is that in certain situations the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements." (Citations omitted; internal quotation marks omitted.) Petyan v. Ellis, 200 Conn. 243, 245-46,510 A.2d 1337 (1986) (holding that the absolute privilege doctrine, reserved for witnesses in judicial proceedings, protected an employer against claims of libel and intentional infliction of emotional distress for statements made by the employer on a "fact-finding supplement" form provided by the employment security division of the state labor department); see also Pollock v. Panjabi, 47 Conn. Sup. 179, 185,781 A.2d 518 (2000) (27 Conn.L.Rptr. 316).
"The judicial proceeding to which the immunity attaches has not been defined very exactly. It includes any hearing before a tribunal which performs a judicial function, ex parte or otherwise, and whether the hearing is public or not." (Internal quotation marks omitted.) Petyan v.Ellis, supra, 200 Conn. 246. "The common law absolute privilege itself is not confined to the testimony of a witness but extends to any statement made in the course of a judicial proceeding, whether or not given under oath, so long as it is pertinent to the controversy . . . Thus it applies to statements made in pleadings or other documents prepared in connection with a court proceeding." (Citation omitted.) Id., 251-52.
"Witnesses and parties to judicial proceedings must be permitted to speak freely, without subjecting their statements and intentions to later scrutiny by an indignant jury, if the judicial process is to function . . . While no civil remedies can guard against lies, the oath and the fear of being charged with perjury are adequate to warrant an absolute privilege for a witness' statements." (Citation omitted.) DeLaurentis v.New Haven, 220 Conn. 225, 264, 597 A.2d 807 (1991). "[T]here must be an open channel of communication between the persons interested and the forum, unchilled by the thought of subsequent judicial action against CT Page 2905-at such participants; provided always, of course, that such preliminary meetings, conduct and activities are directed toward the achievement of the objects of the litigation or other proceedings." (Internal quotation marks omitted.) Kelley v. Bonney, 221 Conn. 549, 574, 606 A.2d 693
(1992).
These policy reasons undergirding the absolute privilege accorded witnesses are implicated here. This is a case in which the right of a witness to speak freely, in or out of court, is involved. The plaintiffs complain about what the defendant, Gary Turyek, said in a judicial proceeding. As Kelley v. Bonney, supra, 221 Conn. 567, must be a nexus between the immunity, the fact-finding function of the court and the interests in having witnesses speak freely. That nexus is implicated by the allegations of the plaintiffs' complaint. Therefore, the defendants' motion to strike counts Thirteen and Fourteen is also granted under the absolute privilege for statements made in a judicial proceeding. The defendant's statements before Judge Dunnell are absolutely privileged and cannot form the basis of any civil action against him.
 BY THE COURT Hon. Vanessa L. Bryant
CT Page 2905-au