MEMORANDUM OF DECISION ON DEFENDANT MOHEGAN TRIBAL GAMING AUTHORITY’S MOTION TO STRIKE
EAGAN, J.
INTRODUCTION
The defendant, Mohegan Tribal Gaming Authority (MTGA), has moved to strike Count Two of the Second Amended Complaint which is a public nuisance claim. The defendant maintains that the allegations fail to set forth a recognized cause of action under Connecticut law.
The Motion to Strike is denied.
BACKGROUND
This case arises out of a motor vehicle accident on March 7, 2009 on 1-395 in Montville, which resulted in the death of Elizabeth Durante, the daughter of the plaintiff, Kathleen Durante, who is the ad-ministratrix of her daughter’s estate. Kathleen and Keith Durante are also individual plaintiffs as parents of the deceased.
*250 The deceased was a passenger in a van traveling to Logan Airport when it was struck by a vehicle operated by a patron of the Mohegan Sun Casino, Daniel Musser, who was intoxicated at the time of the accident. Prior to the accident, Musser was drinking at the Ultra 88 Night Club (hereinafter “the Night Club”), also known as Mohegan After Dark, located at the Mohegan Sun Casino. According to the allegations, Musser became visibly intoxicated when he was at the Night Club and, while so intoxicated, proceeded through the Casino to his car, which was parked in the MTGA’s garage. None of the MTGA’s employees tried to prevent Musser from going to his car or operating it. Musser drove out of the parking garage the wrong way, which resulted in his entering onto I-395 traveling the wrong way, at a high rate of speed, where he collided with the van carrying Elizabeth Durante.
The co-defendant, Plan B, LLC, was the owner of the Night Club; the co-defendant Patrick Lyons was a permittee; and Cary Crowder, an employee/agent of the defendant MTGA was co-permittee. The Night Club was jointly licensed under the MTGA’s liquor license.
Based in large part on the above allegations, the Second Amended Complaint includes Three Counts: negligence, public nuisance and wanton misconduct against the MTGA. Only Count Two, the public nuisance claim, is the subject of the MTGA’s Motion to Strike.
DISCUSSION
I. Legal Standard
“The purpose of a motion to strike is to contest .., the legal sufficiency of the allegations of any complaint ... to state a claim upon which relief can be granted.” (Internal quotation marks omitted.) Peter-Michael Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). For purposes of a motion to strike, the moving party admits all well-pleaded facts. RK Constructors, Inc. v. Fusco, 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994).
On a motion to strike, the trial court examines the complaint construed, in favor of the plaintiff, to determine whether it states a legally sufficient claim to relief. Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). The court may not look beyond the allegations in the complaint in the context of a motion to strike. Faulkner v. United Technologies, 240 Conn. 576, 580, 693 A.2d 293 (1997)
II. Elements of a Common-Law Public Nuisance Claim
The parties agree that: “A common-law nuisance claim consists of four core elements: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiffs injuries and damages.” (Internal quotation marks omitted.) Elliott v. Waterbury, 245 Conn. 385, 420, 715 A.2d 27 (1998).
a. Probable Cause
Defendant concentrates a large part of its Memorandum in support of the Motion to Strike on the fourth element necessary to state a claim of public nuisance—proximate cause.
According to defendant, plaintiffs allegations of a public nuisance are based entirely on the negligent service of alcohol *251 to an intoxicated person.[1] The defendant then submits that “the courts have already held that there is no proximate cause between the service of alcohol and the dangerous condition which is purported to constitute a nuisance. The proximate cause of the plaintiffs injuries is the conduct of Mr. Musser in operating his vehicle in any unreasonable and dangerous condition, not the operation of a casino, tavern or restaurant.” Defendant’s Memorandum In Support of Motion To Strike, p. 5.
Defendant’s argument that, as a matter of law, the service of alcohol to Musser cannot be the proximate cause of the injuries the decedent sustained in the collision is based on the Connecticut Supreme Court’s decision in Quinnett v. Newman, 213 Conn. 343, 349, 568 A.2d 786 (1990), where the Court held:
“In the present context, the inherently dangerous condition claimed to constitute a nuisance is the intoxicated adult operator of the motor vehicle. The proximate cause of the adult motorist’s intoxicated condition, however, lies in his own immoderate use of alcohol and not in its service to him by the defendant sellers, (citations omitted.) Since the alleged act of the purveyors cannot be the proximate cause of the injuries and damages that thereafter followed, the nuisance claim is fatally flawed and the trial court correctly struck this count from the amended complaint and properly withdrew it from the jury’s consideration.”
The defendant recognizes that Quinnett was subsequently overruled by Craig v. Driscoll, 262 Conn. 312, 813 A.2d 1003 (2003), but states “on other grounds”.
While it is true that the Craig decision dealt with the negligent service of alcohol and not with a claim of public nuisance[2] the Supreme Court expressly addressed the issue of whether the negligent service of alcohol to an intoxicated person can be the proximate cause of injuries resulting from the acts of the intoxicated person. In Craig, the Connecticut Supreme Court found:
“we expressly reject the claim that a purveyor who provides alcoholic beverages to an already intoxicated patron or a patron known to him to be an alcoholic cannot, as a matter of law, be the proximate cause of subsequent injuries caused by the intoxicated person.” Craig v. Driscoll, at 340, 813 A.2d 1003 (Italics in text of decision.)
The defendant has not provided a single decision post Craig holding that a purvey- or of alcohol to an intoxicated person cannot be liable based on a lack of probable cause.
Accordingly, this Court must treat the issue of proximate cause as it would in any other case—as a question of fact to be decided by the trier and not as a matter of law if the pleading of proximate cause is sufficient. Tetro v. Stratford, 189 Conn. 601, 605, 458 A.2d 5 (1983). In the instant case, plaintiff alleges that the defendant MTGA’s conduct, including the way in which the Night Club, Casino, and garage were operated, created a public nuisance causing the collision that resulted in plaintiffs daughter’s death. Thus, plaintiff has sufficiently pleaded the proxi *252 mate cause essential to a claim of public nuisance to withstand a Motion to Strike.
b. Tendency to Create Danger, Continuing Danger, and Unreasonable/Unlawful Land Use
There are three additional elements that plaintiff must successfully plead in order to state a claim for public nuisance: (1) the condition complained of must have a natural tendency to create a danger and inflict injury; (2) the danger must be a continuing one, and (3) the use of the land must be unreasonable or unlawful.
As to each of these three elements, defendant once again relies on Quinnett as being dispositive of the issue—a cause of action for nuisance cannot apply to claims against a tavern owner for injuries caused by an intoxicated person who was operating a motor vehicle. Defendant’s Memorandum, p. 6. However, contrary to defendant’s reliance on Quinnett, the Court there did not discuss any of the 3 elements necessary for a public nuisance claim, but based its holding entirely on the now discredited doctrine of lack of probable cause.
With regard to the first element, that the condition complained of has a natural tendency to create danger and inflict injury, the plaintiffs complaint contains allegations that are broader than the negligent service of alcohol. The allegations also inelude the MTGA’s operation of the Casino and maintenance of its parking garage. Such pleadings, on their face, create an issue of fact as to whether the conditions complained of have a natural tendency to created danger and inflict injury that must be determined at trial. Other than its misplaced reliance on Quin-nett, the defendant does not dispute the sufficiency of those allegations except to state that public nuisances normally involve cases of pollution, obstructions, maintenance of fire hazards, defective conditions on highways, etc. But because no relevant decision on point presently exists, does not mean that for purposes of a motion to strike, plaintiffs pleadings are legally inadequate. An example of a different type of public nuisance can be found in Nucci v. Harding, 2009 WL 1142578, Conn.Super. (Middlesex, April 2, 2009). There, the Superior Court held that allegations against the owner/keeper of a dog which defendant repeatedly allowed to roam in a public park, injuring plaintiff, stated a public nuisance claim sufficient to withstand a motion to strike.
The defendant further maintains that plaintiffs allegations fall short of pleading a continuing danger, which is another element necessary for a public nuisance. It is the defendant’s position that any danger Mr. Musser’s operation of a vehicle created was limited to the time he operated the vehicle after leaving the Casino and the location of his automobile. Therefore, it fails to meet the test of a continuing danger.
The problem with defendant’s argument is that it again disregards a large portion of plaintiffs pleadings. Plaintiff alleges that prior to the Musser collision, the Night Club and the MTGA had a history of numerous prior incidents where persons were injured in motor vehicle accidents involving intoxicated patrons of the Casino and/or the Night Club. Plaintiffs complaint alleges that the Musser case was simply the foreseeable consequence of a dangerous, ongoing condition, created by the MTGA. The plaintiff, therefore, has adequately pleaded that the danger created was a continuing one for purposes of a Motion to Strike.
The third element of a public nuisance claim is whether the use of land was unreasonable or unlawful. The plaintiff has set forth allegations that the MTGA’s *253 involvement with regard to the Night Club, certain aspects of its operation of the Casino and the maintenance of the parking garage, was negligent, unreasonable, and in some respects, unlawful. For purposes of a Motion to Strike, the Court must accept these allegations as true and will leave plaintiff to its proof.
III. Landlord Liability For A Public Nuisance On Leased, Property
Finally, the MTGA argues that its Motion to Strike must be granted because “the premises which is the subject of the nuisance claim is the leased premises known as Mohegan After Dark and the Ultra 88 Night Club.” Defendant’s Memorandum, p. 3, and the MTGA “did not exercise control over Mohegan After Dark and Ultra 88.” Id.
There are two problems inherent in defendant’s argument. First, in ruling on a motion to strike, the Court is restricted to the facts alleged in the complaint. Faulkner, supra 580, 693 A.2d 293. Nowhere in the Second Amended Complaint is there an allegation that the MTGA had leased the premises. The true nature of the MTGA’s relationship to the premises, if it is to be used as a defense, must be factually developed. Similarly, the MTGA’s assertion that it did not exercise control of the premises on which the Night Club is located is an issue of fact, beyond the scope of the Motion to Strike. Second, plaintiffs allegations of a public nuisance are not, as discussed above, limited to the MTGA’s relationship to the Night Club that served alcohol to Musser.
CONCLUSION
For the reasons set forth above, the defendant MTGA’s Motion to Strike Count Two of the Second Amended Complaint is denied.
So ordered.

. The plaintiff disputes this characterization of its allegations and submits that its public nuisance allegations are much broader than simply an attack on the negligent service of alcohol to an intoxicated person. Plaintiff’s Brief, p. 8-9.

. In Quinnett, supra, the Supreme Court considered both a claim of negligence and of public nuisance.