[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On March 6, 2000, the plaintiff, Ellis J. Appleton, Sr. filed this action on behalf of his minor son, Ellis J. Appleton, Jr., against the defendant, Crystal Water Company of Danielson. The complaint is comprised of three separate counts.[1]
The complaint alleges the following facts, which the court assumes are true for the purposes of this motion to strike. On June 30, 1999, at approximately 8:10 p.m., Ellis J. Appleton, Jr., then nine years old, was CT Page 11380 riding his bicycle near the defendant's property on Pettingill and Pratt Roads in the town of Killingly. On the portion of the property that fronts Pettingill Road, the defendant maintained a barbed wire fence. This fence was in disrepair with sections having no wire at all and with large rocks placed at one end of the fence where wire was totally lacking. While riding his bicycle, Ellis J. Appleton, Jr. attempted to trespass upon the defendant's property by way of one of these openings. He suffered severe lacerations to his face and upper body from the barbed wire, requiring stitches at Day Kimball Hospital. As a result of his injuries, he has permanent and disfiguring scars across his nose and check.
On May 8, 2000, the defendant filed a motion to strike the third count of the plaintiff's complaint, which alleges reckless and wanton conduct, and the accompanying prayer for relief requesting punitive damages and attorney's fees and costs. In accordance with Practice Book § 10-42, the defendant has filed a supporting memorandum of law, and the plaintiff has filed a timely memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). "The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Brackets in original; internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997).
The defendant moves to strike the reckless and wanton claim, count three, from the plaintiff's complaint on the ground that it fails to state a legal theory under which the defendant can be held liable for Ellis J. Appleton, Jr.'s injuries. The defendant also moves to strike the plaintiff's claim for attorneys fees and punitive damages, which are based upon that count. The defendant argues that claims for negligence and nuisance are separate and distinct from reckless and wanton conduct, and that the plaintiff essentially seeks to transform "a claim of nuisance [into] a claim of reckless and wanton conduct by simply adding the words `reckless' and `wanton'."
The plaintiff objects to the motion, arguing that "tilt is one thing to have and maintain a barbed wire fence, it is quite another thing to keep CT Page 11381 and maintain one in such a poor condition so that it serves no purpose whatsoever other than to serve as a trap for the unwary. Such conduct rises above mere negligence, and constitutes reckless and wanton misconduct."
"To be legally sufficient a count based on reckless and wanton misconduct must, like an action in negligence, allege some duty running from the defendant to the plaintiff." Sheiman v. Lafayette Bank TrustCo., 4 Conn. App. 39, 46, 492 A.2d 219 (1985). A plaintiff must allege more than mere conclusions of law; he must allege facts from which such a duty may be proven. See id. "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Id. Recklessness requires that there exists, on the part of the defendant, "a state of consciousness with reference to the consequences of one's acts . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Brackets in original; internal quotation marks omitted.) Shay v. Rossi,253 Conn. 134, 181, 749 A.2d 1117 (2000).
In the first count of the plaintiff's complaint, he alleges, in relevant part, that the defendant knew or should have known that children trespass and that the condition of the barbed wire fence was one that the defendant knew or should have known presented an unreasonable risk to children. The plaintiff incorporates this count into the third count and adds one additional paragraph that further alleges that the fence was so poorly constructed that it served no purpose other than serving as a trap for children who, because of their immaturity, did not realize the risk involved.
In applying the law to the factual allegations of the plaintiff's complaint the plaintiff has failed to allege sufficient facts to support a cause of action for reckless and wanton conduct. The plaintiff has failed to plead facts that would demonstrate that the defendant knew, or that any reasonable person would have known, that the lack of barbed wire on certain areas its property would present a high degree of danger and
that the defendant made a conscious choice to depart from the standard of care necessitated by a situation where a high degree of danger to others seemed apparent. Compare Kruger v. Lynch, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 359169 (September 10, CT Page 11382 1999, Melville, J.) (motion to strike recklessness claim denied where the plaintiff alleged that the defendants were repeatedly warned about a dangerous condition over a four year period and did nothing to correct it), and Neudeck v. Stewart, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335425 (October 1, 1998, Melville,J.) (recklessness claim was sufficient where the plaintiff alleged that the defendant knew that its product was dangerous and made a conscious choice to sell it despite such knowledge), with Klinkowize v. GreenwichHospital Assn., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 170276 (February 28, 2000, Lewis, J.) (recklessness claim was insufficient because the plaintiffs failed to allege that the defendants knew or should have known of the substantial risk to the plaintiff and consciously disregarded such risk), and Conforti v. ABFFreight System, Superior Court, judicial district of New Haven at New Haven, Docket No. 410832 (June 17, 1999, Levin, J.) (simply claiming that defendant knew or should have known that actions would cause injury is insufficient for a claim of recklessness). Accordingly, the defendant's motion to strike count one is granted.
As to the plaintiff's claim for punitive damages, attorney's fees and costs, "[t]o support an award of punitive damages, the evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights." (Internal quotation marks omitted.) Sorrentino v. All Seasons Services, 245 Conn. 756, 778,717 A.2d 150 (1998). "In order to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights. . . . In fact, the flavor of the basic requirement to justify an award of punitive damages is described in terms of wanton and malicious injury, evil motive and violence." Gargano v. Heyman, 203 Conn. 616, 622, 525 A.2d 1343 (1987).
Having concluded that the plaintiff has failed to allege facts sufficient to sustain a cause of action sounding in reckless and wanton conduct, the motion to strike the plaintiff's claim for punitive damages, etc., is granted.
For the foregoing reasons, the plaintiff's motion to strike is granted.
Potter, J.