[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the defendants' motion to strike the second and fourth counts of the plaintiffs' complaint. For the reasons stated herein, the defendants' motion is hereby denied.
 FACTS
On June 13, 2001, the plaintiffs, Canton Milton, Hector Robinson and Godfrey Jones, filed a four-count complaint against the defendants, Karen Sande and American Medical Response of Connecticut, Inc. (AMR). This action arises out of injuries and losses allegedly sustained by the plaintiffs on July 26, 2000, when the motor vehicle in which they were riding and which was being operated by Milton was struck from the rear by a motor vehicle owned by AMR and operated by Sande. The collision occurred on Neufield Street, near the intersection of Mahoney Street, in Hartford, Connecticut.
The first count alleges negligence on the part of Sande as the agent, servant or employee of AMR in the operation of her motor vehicle. The second count alleges recklessness on the part of Sande as the agent, servant or employee of AMR in the operation of her motor vehicle in violation of General Statutes §§ 14-218a, 14-222 and 14-295. The third count alleges the liability of AMR as the owner of the vehicle being operated in a negligent fashion by Sande, pursuant to the provisions of General Statutes § 14-154a. The fourth count alleges the liability of AMR as the owner of the vehicle being operated in a reckless fashion by Sande, in violation of General Statutes §§ 14-218a, 14-222 and 14-295, pursuant to the provisions of General Statutes § 14-154a.
On August 27, 2001, the defendants filed a motion to strike the second and fourth counts of the plaintiffs' complaint on the grounds that the plaintiffs have failed to allege facts that would constitute a claim in recklessness. The motion was accompanied by a memorandum in support. On September 4, 2001, the plaintiffs filed a timely memorandum in opposition.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim CT Page 16987 upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, the trial court examines the complaint "construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Brackets in original; internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). When deciding the motion, "the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "[G]rounds other than those specified should not be considered by the trial court in passing upon a motion to strike . . . (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 259,765 A.2d 505 (2001).
In their memorandum in support, the defendants argue that the second and fourth counts of the plaintiffs' complaint fail to allege sufficient facts to constitute a cause of action sounding in recklessness. Each of the decisions cited by the defendants as authority for the proposition that claims of recklessness must be pleaded with specificity involve a claim of common law, and not statutory, recklessness.
The second count of the plaintiffs' complaint alleges that Sande was acting as agent, servant and/or employee of AMR, while the fourth count alleges that Sande was a lessee of a vehicle owned by AMR. Both counts allege that her "deliberate or reckless disregard and violations of Connecticut General Statutes Sections 14-218a and 14-222 in the operation of a motor vehicle . . . were a substantial factor in causing . . . injuries and damages to the Plaintiffs, in violation of Section 14-295 of the Connecticut General Statutes as amended." (See Complaint, Count Two, ¶ 6, and Count Four, ¶ 7).
The plaintiffs respond that counts two and four are legally sufficient because they allege statutory recklessness pursuant to General Statutes § 14-295, which does not require the specificity of pleading necessary to support a common law recklessness claim. Common law recklessness has been defined as "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention." Dubay v. Irish,207 Conn. 518, 532-33, 542 A.2d 711 (1988). "A claim of common law recklessness must be pleaded with specificity." Weinberg v. Bogacki, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 154426 (June 27, 1997, D'Andrea, J.). CT Page 16988
General Statutes § 14-295, on the other hand, provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240, and that such violation was a substantial factor in causing such injury, death or damage to property." Motor vehicle statutory recklessness claims brought under § 14-295 are "clearly intended for pleading purposes as an enhancement of damages . . . rather than a free standing cause of action at common law." Watt v.Christi, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 03672 (October 13, 1999, Melville, J.).
In Connecticut, our appellate courts have not addressed the issue of the specificity of pleading required to support a claim of statutory recklessness and, among the trial courts, there is a split of authority on the issue of whether a plaintiff must plead facts which support a claim of reckless conduct in addition to pleading a specific statutory violation to which General Statutes § 14-295 refers. There are essentially two lines of cases that address this issue.
In the first line of cases, courts have interpreted § 14-295 to require more than simply pleading that the defendant has violated one of the statutory sections enumerated in § 14-295. These decisions hold that a plaintiff must not only plead a statutory violation as set forth in General Statutes § 14-295, but also facts that would support a claim of reckless conduct at common law. Pitka v. Ulrich, Superior Court, judicial district of New London, Docket No. 530000 (November 16, 1994, Austin, J.)
The second line of cases, which draws a sharp distinction between pleading common law recklessness and statutory recklessness, holds that the plaintiff is required to plead only that the defendant has violated one or more of the statutory provisions enumerated in General Statutes § 14-295. According to this view, pleading a violation of the specific statute enumerated therein is alone sufficient to invoke the double and treble damages provision of § 14-295. Spencer v. King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgins, J.). The court, in Spencer, held that "[w]here the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct. . . . The statute here could not be any more plain or unambiguous about what a plaintiff must plead and should accordingly be applied as its words direct. The court should CT Page 16989 not torture the words or sentence structure of a statute . . . to import an ambiguity where the ordinary meaning of the language leaves no room for it." (Internal citations omitted; internal quotation marks omitted.)Spencer v. King, supra.
"[Section] 14-295 is clear on its face . . . [and sets forth] "the essential components of a properly pleaded statutory recklessness claim: deliberate or reckless operation; violation of one or more of the listed statutes; and that the violation was a substantial factor in causing the injury. Where a plaintiff specifically pleads each of these components, the plaintiff has fully complied with all that the statute requires."Rocco v. Hall, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 358709 (April 7, 1999, Skolnick, J.), and "he need not allege the additional language or facts necessary to support a common law recklessness cause of action." Besson v. Davis, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327040 (January 5, 1996, Ballen, J.).
This court has previously found that the requirement of pleading that the defendant's conduct was a "substantial factor" in causing the plaintiff's injury was met even when the plaintiff in Santoro v. Topciu, Superior Court, judicial district of Waterbury, Docket No. 156047 (July 31, 2000, Wiese, J.), alleged that as a "direct and proximate result of the recklessness of the defendant . . . [the plaintiff] suffered . . . severe injuries." In that case, this court held that "the use of the phrase `direct and proximate' result is another way of pleading `substantial factor.'" In that case, also, this court found that where the plaintiff further alleged violations by the defendant of General Statutes §§ 14-218a and 14-222, that these "allegations sufficiently set forth a cause of action pursuant to General Statutes § 14-295
when construed in a manner most favorable to the plaintiff" Santoro v.Topciu, supra.
 CONCLUSION
Inasmuch as the second and fourth counts of the plaintiffs' complaint in the case before the court allege violations of General Statutes §§14-218a and 14-222, two of the enumerated statutes within § 14-295, and that such violations were a substantial factor in causing the plaintiffs' injuries. the plaintiffs have sufficiently alleged a cause of action in recklessness under General Statutes § 14-295. Accordingly, the defendants' motion to strike the second and fourth counts of the plaintiffs' complaint is denied.
So ordered. CT Page 16990
BY THE COURT
PETER EMMETT WIESE, JUDGE