[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
The plaintiff, Christopher Senior, filed a seven count complaint against the defendants, Hartford Financial Services Group, Inc. (Hartford Financial) and Linda Crookshanks, a senior vice president of specialty programs. The plaintiff worked for Hartford Financial for twenty-six years until he was terminated on April 7, 2000. In his complaint, the plaintiff alleges breach of implied contract (count one), false light invasion of privacy (count two), promissory estoppel (count three), self-defamation (count four), negligent misrepresentation (count five), violation of the Connecticut Fair Employment Practices Act (CFEPA), General Statutes § 46a-51, et seq. (count six), and negligent infliction of emotional distress (count seven).
Hartord Financial and Crookshanks have filed a motion to strike counts two, five and seven of the complaint. They argue that as to count two, the plaintiff has failed to allege the requisite element of publicity to give rise to a claim of false light invasion of privacy. They also move to strike the claim for attorney's fees on the ground that there is no statutory or contractual authority provision allowing for such award. As to count five, they claim that the plaintiff has improperly directed a claim of negligent misrepresentation against Crookshanks in her individual capacity, as there are no allegations that would implicate her apart from her corporate capacity. Lastly, as to count seven, they assert that the plaintiff has failed to allege unreasonable conduct by Hartford Financial sufficient to support a claim of negligent infliction of emotional distress.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, the trial court examines the complaint "construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). When deciding the motion, "the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "[G]rounds other than those specified should not be considered by the trial court in passing upon a motion to strike. . . ." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 259, 765 A.2d 505 (2001). CT Page 779
 Count Two
The defendants move to strike count two of the complaint alleging false light invasion of privacy. They argue that the plaintiff has failed to allege the requisite element of publicity to give rise to a claim of false light invasion of privacy. The plaintiff alleges that "oral statements that Plaintiff was guilty of gross misconduct were published by the Defendant Company." (Complaint, Count Two, ¶ 22.) The plaintiff argues that "if the Hartford desired additional specificity in the factual pleadings, it was incumbent on the Hartford to request that the complaint be revised." (Plaintiffs Memorandum, pp. 3-4.) The defendants respond that the plaintiff is confusing publication with publicity.
"To establish invasion of privacy by false light, the [plaintiff is] required to show that (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." (Internal quotation marks omitted.) Honan v. Dimyan, 52 Conn. App. 123,132-33, 726 A.2d 613, cert. denied, 249 Conn. 909, 733 A.2d 227 (1999). 3 Restatement (Second) Torts, Invasion of Privacy § 652E, comment a, pp. 394-95 (1977), incorporates the discussion on the difference between publication and publicity found in § 652D. "`Publication' . . . includes any communication by the defendant to a third person. `Publicity' . . . means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. The difference is not one of the means of communication. . . . It is one of a communication that reaches, or is sure to reach, the public. . . . The distinction . . . is one between private and public communications) 3 Restatement (Second) Torts, Invasion of Privacy § 652D, comment a, p. 384 (1977).
The plaintiff has failed to allege the requisite element of publicity in her count for false light invasion of privacy. The allegation states that "oral statements that Plaintiff was guilty of gross misconduct published by Defendant Company as well as its prohibition on Plaintiffs returning to his Nashville office for any purpose or speaking to his Nashville staff and PENCO management presented Plaintiff in a false light that is highly offensive to a reasonable person." (Plaintiffs Complaint, Count Two, ¶ 22.) While the foregoing allegations refers to "published" oral statements, it does not make it clear that the information was communicated to the public at large, or to so many persons that the matter would be regarded as substantially certain to be CT Page 780 one of public knowledge. Therefore, the plaintiffs motion to strike count two of the complaint is granted.[1]
 Count Five
The defendants move to strike count five of the complaint for negligent misrepresentation, arguing that the plaintiff has improperly directed a claim of negligent misrepresentation against Crookshanks in her individual capacity, as there are no allegations that would implicate her apart from her corporate capacity. The plaintiff counters that an individual, even acting in her corporate capacity, can be held personally liable for tortious conduct.
"Where . . . an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby." Scribnerv. O'Brien, Inc., 169 Conn. 389, 404, 363 A.2d 160 (1975). "It is black letter law that an officer of a corporation who commits a tort is personally liable to the victim regardless of whether the corporation itself is liable." Kilduff v. Adams, Inc., 219 Conn. 314, 331-32,593 A.2d 478 (1991). Accordingly, the fact that the defendant was acting on behalf of the corporation when she committed the alleged tort would not shield her from liability on an individual basis. Further, this exact issue was raised before this court in the recent case of Lee v. AxiomLaboratories, Inc., Superior Court, judicial district of Hartford, Docket No. 584562 (January 24, 2001, Peck, J.). There, relying on the Scribner
and Kilduff cases, the court noted that Connecticut has "recognized that a corporate officer can incur personal liability for either fraudulent misrepresentation or negligence. In holding a corporate officer liable for fraudulent misrepresentation or negligence, the court tends to focus on whether or not the officer himself committed the tort." Id.[2]
The plaintiff has alleged negligent misrepresentation as to Hartford Financial and Crookshanks. So long as the allegations pertaining to negligent misrepresentation are sufficiently pleaded, the plaintiff has sufficiently stated a cause of action whereby Crookshanks can be held liable in her individual capacity. The defendants have not raised the issue that negligent misrepresentation has not been sufficiently pleaded. See Gazo v. Stamford, supra, 255 Conn. 259. Therefore, the defendants' motion to strike count five of the complaint is denied.
 Count Seven
The defendants move to strike count seven of the complaint alleging negligent infliction of emotional distress. They argue that the plaintiff has failed to allege the requisite element of unreasonable conduct by the CT Page 781 defendant sufficient to support a claim of negligent infliction of emotional distress. In addition, they argue that allegations that do not focus on the termination process itself are insufficient. The plaintiff maintains that the defendants and a number of Superior Court decisions have construed the law in an erroneous manner when concluding that an employee may sue for negligent infliction of emotional distress only in connection with unreasonable conduct surrounding the termination of his employment.
The defendants rely on the often quoted language that "negligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process. . . . The mere termination of employment, even when it is wrongful, is therefore not, in itself, enough to sustain a claim for negligent infliction of emotional distress." (Citation omitted; internal quotation marks omitted.) Parsons v. United Technologies Corp.,243 Conn. 66, 88-89, 700 A.2d 655 (1997). See also Pavliscak v.Bridgeport Hospital, 48 Conn. App. 580, 598, 711 A.2d 747, cert. denied,245 Conn. 911, 718 A.2d 17 (1998) (there must be evidence that the termination was conducted in a humiliating or otherwise unreasonable manner).
The plaintiff claims that the defendants' interpretation of the law is erroneous and that what the court in Parsons meant was that to state a sufficient claim for negligent infliction of emotional distress, a plaintiff needs to show that the employer's conduct was unreasonable, beyond mere termination; but it is not necessarily limited to unreasonable conduct in the termination process. There is a split among the judges of the Superior Court as to whether Parsons forecloses any claim for negligent infliction of emotional distress outside of the termination process.[3] Since the Parsons decision, however, the Appellate Court has sought to clarify its meaning: "Contrary to the defendant's contention, Morris and Parsons simply state that, in emotional distress claims arising from a termination, the plaintiff must allege some conduct other than the termination itself to support the claim." Appleton v. Board of Education, 53 Conn. App. 252, 264, 730 A.2d 88
(1999). The issue of whether a claim for negligent infliction of emotional distress can be brought against an employer for conduct that occurred during employment and/or during the termination process is currently pending before the Connecticut Supreme Court.[4]
Specifically, the plaintiff alleges that during his employment, he was transferred to Nashville without his family, after notifying the defendants that this would cause his family hardship and receiving assurances that he would be brought back to Hartford if things became too difficult. He became good friends with a co-worker and her husband. For CT Page 782 personal reasons irrelevant to the motion to strike, his relations with this couple became strained and contributed to his depression. The plaintiff alleges that "[b]ecause the Hunnicutts had become the plaintiffs family in Nashville where he was obliged by his work commitments to spend the vast majority of his time without other social support, the plaintiff experienced severe depression." (Complaint, Count Seven, ¶ 15.) After reporting his condition, the defendants did not return him to Connecticut. He was soon thereafter cut off from the Nashville office, directed to submit to mental examinations and then summarily terminated. (Complaint, Count Seven, ¶¶ 18-20.) The plaintiff further alleges that the aforementioned conduct by the defendant, Hartford Financial, and its agents, servants, and employees, "both during the plaintiffs employment and during the termination process, was unreasonable and involved an unreasonable risk of causing severe emotional distress to the plaintiff and if it caused this emotional distress, such distress might result in illness or bodily harm." (Complaint, Count Seven, ¶ 21.)
Based on the foregoing allegations, the court finds that the plaintiff has pleaded sufficient facts to set forth a cause of action for negligent infliction of emotional distress. See Parsons v. United TechnologiesCorp., supra, 243 Conn. 88. The defendants' motion to strike count seven is therefore denied.
 CONCLUSION
Accordingly, the motion to strike count two is granted and the motion to strike counts five and seven are denied.
 ___________________ Peck, J.