[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE, #103
On July 30, 2001, the plaintiff,[1] Chris Howard (Howard) filed a complaint against the defendant, Xerox Credit Corporation (Xerox). The complaint arises out of an agreement the plaintiff alleges he entered into with the defendant.
The plaintiff alleges the following facts in the complaint. On March 29, 1999, Howard joined the shipping department of Citibank Capital Industries Finance Group (Citibank). On March 30, 1999, Howard contacted Xerox and inquired whether they had any shipping investments that were available for sale. George Abate, Xerox employee,[2] responded that they had a vessel named the M/V Edgar B. Speer (the Speer). Howard prepared a bid for the Speer, which Xerox approved. Although Howard tried for eighteen months, Citibank never approved this deal.
In March, 2000, Howard and the President of Xerox,[3] Don Alteri, discussed the possibility of Howard locating another buyer and brokering the deal himself through his own business. Xerox agreed,[4] but refused to give Howard an exclusive contract. In May 2000, Howard brokered a deal for the sale of the Speer between Xerox and Transamerica Equipment Financial Services (Transamerica), for which all the parties agreed Howard would advise Xerox for a fee of $275,000. On or about July 11, 2000, Transamerica signed a commitment letter in which it named Key Corporate Capital, Inc[5] (Key) as a co-investor, and scheduled the closing for September 1, 2000.
On August 29, 2000, Howard's position with Citibank was discontinued and Howard informed Xerox of this fact. Xerox stated that it needed to disclose Howard's participation in the deal to Citibank and obtain the bank's approval. On September 25, 2000, Howard, Citibank and Xerox entered into a written agreement regarding Howard's services for the sale of the Speer in which Xerox agreed to pay Citibank $195,000 and Howard $80,000. Several problems arose and the closing was repeatedly postponed. Finally, in November, 2000, Howard was told by Xerox that the deal with Transamerica would not be going through. Howard indicated that he was willing to locate another buyer for Transamerica's portion of the deal and suggested to Xerox that it ask Key to underwrite the remaining portion. Xerox subsequently told Howard that the deal was dead, and therefore, his services were no longer needed. On or about April, 2001, Howard discovered that the Speer had been sold and that Key was one of CT Page 4783 the buyers. Howard sent an invoice to Xerox, which Xerox has refused to pay.
The plaintiff commenced the present action against Xerox on July 11, 2001. In count one of the complaint, the plaintiff asserts a cause of action against Xerox for breach of contract. In count two, the plaintiff asserts a cause of action for breach of implied contract. In count three the plaintiff asserts a cause of action for breach of the implied covenant of good faith and fair dealing. In counts four and five, respectively, the plaintiff asserts causes of action for unjust enrichment and promissory estoppel. Finally, in count six, the plaintiff asserts a cause of action under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et. seq. The plaintiff claims that he is therefore, entitled to money damages, punitive damages, attorney's fees and costs, and pre-and post judgment interest.
On November 14, 2001, the defendant filed a motion to strike counts two, four, five and six from the complaint. The plaintiff filed a memorandum in opposition to the motion to strike on December 12, 2001. The motion was heard by the court on December 17, 2001.
"The purpose of a motion to strike is to contest . . . The legal sufficiency of the allegations of any complaint . ., to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997).
The defendant contends that the court should grant its motion to strike the plaintiffs cause of action for breach of implied contract, unjust enrichment and promissory estoppel in counts two, four and five, respectively, because the plaintiff cannot, as a matter of law, assert causes of action for both express contract and implied or quasi contract. The plaintiff counters that the express contract may be invalid and unenforceable because he entered into it under duress, and that the allegations of implied and quasi contract are proper as an alternative pleading.
Connecticut civil procedure allows the plaintiff to present alternate theories of his cause of action against the defendant.[6] "Under our pleading practice, a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in CT Page 4784 a single complaint." Dreier v. Upjohn Co., 196 Conn. 242, 245, 492 A.2d 164
(1985).[7]
In addition, the defendant in this case has not filed an answer, and therefore, to grant the motion to strike could deprive the plaintiff of his right to alternative pleading. "The court cannot speculate as to whether the defendant will admit the existence of the [contract], or assert some defense to the enforceability of the [contracts] between plaintiff and defendant. If that be the case, and if defenses are asserted and prevail, the plaintiff would be deprived of his absolute right to plead in the alternative by the granting of the motion to strike. . . . [T]he motion to strike is at best premature, pending the defendant's answer." De La Concha of Hartford v. Aetna Life Ins. Co., Superior Court, judicial district of Hartford, Docket No. 580129 (July 2, 1999,Sullivan, J.) Because the plaintiff is entitled to pleading in the alternative, the defendant's motion is premature. The defendant's motion to strike counts two, four and five is denied.
The defendant also argues that count six of the complaint, alleging a cause of action under CUTPA, should be stricken because the plaintiff fails to show any public interest[8] or substantial aggravating injuries related to its alleged breach of the express contract. The plaintiff contends that he has alleged sufficient facts to state a valid cause of action under CUTPA.
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businessmen]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Citations omitted; internal quotation marks omitted.) Fink v. Goldenbock,238 Conn. 183, 215, 680 A.2d 1243 (1996).
The plaintiff alleges that the defendant's actions in refusing to pay him the agreed upon fee, refusing to honor the original agreement, misleading him as to its intentions, and attempting to keep him from learning that the vessel had been sold are deceptive acts and unfair trade practices under CUTPA. The alleged actions do not clearly fall CT Page 4785 under the "penumbra of some common law, statutory or other established concept of unfairness." Id. However, the plaintiff has alleged deceptive practices which may be considered unethical or immoral. In addition, the plaintiff has also alleged that he suffered a loss of revenue of $195,000 as a result of the defendant's actions. Because the plaintiff does not have to show each prong of the cigarette test, he has adequately pled a cause of action under CUTPA. Therefore, the defendant's motion to strike count six is denied.
The plaintiff is entitled to present alternative theories of defendant's liability to the court, and therefore, the defendant's motion to strike counts two, four and five is denied. The plaintiff has adequately pled a statutory cause of action under CUTPA and therefore the defendant's motion to strike count six is denied.
GALLAGHER, J.