[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#109) DEFENDANT'S SUBSTITUTE MOTION TO STRIKE
The plaintiff, Lida Nosik, filed a six count complaint against the defendants, attorney Andrew Bowman and Andrew B. Bowman Law Offices,[1]
on November 20, 2000.[2] The plaintiff alleges the following facts in the complaint.
On May 1, 1995, a criminal conviction was entered against the plaintiff in Danbury, Connecticut. The plaintiff hired the individual defendant on three separate occasions in June of 1995[3], June of 1997[4] and September, 1998[5], to represent her in appealing this conviction. In the first count of her complaint the plaintiff alleges that the defendant was negligent in representing her such that her conviction was upheld on appeal. As a result, she alleges that she has suffered various losses, including financial loss in the form of legal expenses, loss of her profession, diminished earning capacity, and emotional stress. In the second count, the plaintiff alleges that the defendant breached his contract of representation with her. In counts three and four, respectively, the plaintiff further alleges that the defendant's conduct breached his fiduciary duty and the covenant of good faith and fair dealing and violated General Statutes § 42-110b, the Connecticut Unfair Trade Practices Act (CUTPA). In counts five and six, she alleges causes of action for intentional and negligent infliction of emotional distress.
The defendant filed this motion to strike on October 23, 2001. The defendant moves to strike counts three, four, five and six of the plaintiff's complaint in this case. The plaintiff failed to file a memorandum in opposition in a timely manner.[6]
CT Page 9191
The motion to strike is controlled by Practice Book § 10-39(a), which states, in pertinent part: "Whenever a party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998).
The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
Count Three — Breach of Fiduciary Duty
The defendant argues that the allegations of negligence in count three do not sufficiently state a claim for breach of fiduciary duty because the allegations do not pertain to the morality of the defendant's conduct.
"Professional negligence alone . . . does not give rise automatically to a claim for breach of fiduciary duty. Although an attorney-client relationship imposes a fiduciary duty on the attorney . . . not every instance of professional negligence results in a breach of that fiduciary duty." Beverly Hills Concepts, Inc. v. Schatz Schatz, Ribicoff Kotkin, 247 Conn. 48, 56, 717 A.2d 724 (1998). "Professional negligence implicates a duty of care, while breach of fiduciary duty implicates a duty of loyalty and honesty." Id., 57. Although our Supreme Court "[has] not expressly limited the application of these traditional principles of fiduciary duty to cases involving only fraud, self-dealing or conflict of interest, the cases in which [the court has] invoked them have involved such deviations." (Emphasis in original.) Murphy v. Wakelee, 247 Conn. 396,400, 721 A.2d 1181 (1998).
In the third count of her complaint, the plaintiff alleges that the defendant breached his fiduciary duty and the covenant of good faith and fair dealing. The plaintiff incorporates the allegations of the negligence count, and also alleges that the defendant: breached the plaintiff's trust and confidence; breached his duty to represent her CT Page 9192 interests and acted with bad motive or reckless indifference to her interest. She further alleges that the defendant breached the covenant of good faith and fair dealing by: failing to zealously challenge all necessary strategies to overturn her conviction and by compelling her to initiate litigation to recover her damages. However, the plaintiff does not allege facts to support these conclusory allegations.
Thus, although the plaintiff adequately alleges the existence of a fiduciary relationship, she does not allege conduct by the defendant that implicates his honesty, loyalty or morality. "[T]o survive a motion to strike framed as a breach of fiduciary duty, a pleader must allege facts which implicate the morality of counsel's conduct." Flexo ConvertersUSA, Inc. v. Adleman, Superior Court, judicial district of Tolland at Rockville, Docket No. CV99 00725553 (November 30, 2000, Bishop, J.) (29 Conn.L.Rptr. 78, 80). Further, "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
For the foregoing reasons, the defendant's motion to strike the third count is granted.
Count 4 — Violation of CUTPA
The defendant contends that the conduct complained of in count four does not constitute a valid claim under the Connecticut Unfair Practices Act, as CUTPA does not apply to allegations of professional negligence.
"Although an attorney is not exempt from CUTPA . . . CUTPA only covers the entrepreneurial or commercial aspects of the profession [whereas] [t]he noncommercial aspects of lawyering — that is, the representation of the client in a legal capacity — should be excluded for public policy reasons." (Citations omitted; internal quotation marks omitted.) Haynes v. Yale New Haven Hospital, 243 Conn. 17,34, 699 A.2d 964 (1997).
In the fourth count, the plaintiff incorporates the first eighteen paragraphs of the complaint which sound in negligence, and further alleges that the defendant made misrepresentations to her about the size of his firm and his areas of expertise. In addition, the plaintiff alleges that these practices caused her substantial injury, and adversely affected her right to select a lawyer. These allegations do not reference the defendant's legal representation of the plaintiff, and therefore, are not necessarily excluded from CUTPA as claims of legal malpractice. Therefore, the plaintiff's allegations must be reviewed under the test for CUTPA. CT Page 9193
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the "cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by the statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.). Hartford Electric Supply Co. v. Allen-BradleyCo., 250 Conn. 334, 367-68, 736 A.2d 824 (1999).
The plaintiff's allegations do not offend public policy, and therefore, do not meet the first prong of the cigarette test. These representations, even when read in a light most favorable to the plaintiff, are not necessarily immoral or unscrupulous. Finally, while the plaintiff pleads that the defendant's misrepresentations caused her substantial injury, she does not allege any facts in support of this contention. The plaintiff has therefore, not met the three-prong test for CUTPA, and therefore, the defendant's motion to strike the fourth count of the complaint is granted.
Counts 5 6 — Intentional and Negligent Infliction of EmotionalDistress
The defendant asserts that the conduct the plaintiff relies on to support her causes of action for intentional and negligent infliction of emotional distress is not extreme and outrageous, and thus, not sufficient to support these causes of action. He also asserts that the plaintiff fails to allege facts to show that the suffered any emotional distress.
The legal standard for intentional infliction of emotional distress is well settled, and was repeated by the Connecticut Supreme Court inAppleton v. Board of Education, 254 Conn. 205, 210, 757 A.2d 1059
(2000), wherein the court stated: "In order for a plaintiff to prevail for a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the CT Page 9194 defendant was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.)
As to the second element, "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as so atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!' . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Citations omitted; internal quotation marks omitted.) Id., 210-11.
In the fifth count, the plaintiff incorporates the first eighteen paragraphs of the complaint which generally contain allegations of negligence and further alleges that the defendant knew or should have known that his intentional actions caused her to undergo severe emotional distress; and that the defendant's conduct was extreme and outrageous. The conduct the plaintiff relies on does not, however, rise to the level of extreme and outrageous.
As to the claim for negligent infliction of emotional distress, "[i]n order to prevail on this claim, the plaintiff must prove that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress, and that that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) Pavliscak v. Bridgeport Hospital, 48 Conn. App. 580,597, 711 A.2d 747, cert. denied, 245 Conn. 911, 718 A.2d 17 (1998). "The elements of negligent and intentional infliction of emotional distress differ as to the state of mind of the actor and not to the conduct claimed to be extreme and outrageous." Muniz v. Kravis, 59 Conn. App. 704,709, 757 A.2d 1207 (2000).
Although the plaintiff alleges that the defendant should have realized that his conduct created an unreasonable risk of causing emotional distress, and that his actions did cause her emotional distress, she does not allege conduct by the defendant that is sufficient to support this cause of action. "A motion to strike is properly granted if the complaint alleged mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra.,224 Conn. 215 (1992). See also Ancona v. Manafort Brothers, Inc.,56 Conn. App. 701, 714, 746 A.2d 184, cert. denied, 252 Conn. 954,749 A.2d 1202 (2000) ("The plaintiff's conclusory statements . . . are CT Page 9195 insufficient to support a claim for negligent infliction of emotional distress.")
For the foregoing reasons, the defendant's motion to strike the fifth and sixth counts is granted.
By the Court,
Joseph W. Doherty, Judge