[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the defendant Danbury Hospital's motion to strike count four of the plaintiffs' Patricia Rodrigues, Marcello Rodrigues and Maria Soares, four count amended complaint. Marcello Rodrigues is Patricia Rodrigues' father and Maria Soares is Patricia Rodrigues' mother. On January 7, 2002, the plaintiffs filed four count amended complaint (complaint) against the defendant for injuries they suspended during the labor and delivery of Patricia Rodrigues. In count four Marcello Rodrigues brings a cause of action against the defendant for bystander emotional distress. CT Page 10285
The pertinent allegations in count four are as follows: commencing in or about July, 1999, the defendant undertook the care, treatment, monitoring and supervision of Patricia Rodrigues, then in utero, and her mother, Maria Soares, for pregnancy, labor, delivery and post-natal care; as a result of the defendant's carelessness or negligence during the labor and delivery of Patricia Rodrigues, the infant suffered serious, painful and permanent injuries; Marcello Rodrigues was present throughout the labor and delivery of Patricia Rodrigues; the defendant knew or should have known that the conduct of its agents was likely to cause an unreasonable risk of emotional distress to Marcello Rodrigues and that the distress might result in illness or bodily harm to him; and as a result of the defendant's negligence and Marcello Rodrigues' contemporaneous observation of the events which caused injuries suffered by his wife and child, Marcello Rodrigues will continue to suffer extreme emotional distress and its consequences.
On February 4, 2002, the defendant filed a motion to strike count four of the plaintiffs' complaint on the ground that it fails to set forth a legally cognizable claim of bystander emotional distress. On February 13, 2002, the plaintiffs filed a memorandum in opposition to the motion to strike. On April 8, 2002, the defendant filed a reply to the plaintiffs' memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The court must construe the facts in the complaint most favorably to the plaintiff." Faulkner v. United Technologies Corp. ,240 Conn. 576, 580, 693 A.2d 293 (1997). In ruling on a motion to strike, the trial court is to "determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Company, 242 Conn. 375,378, 698 A.2d 859 (1997). "A motion to strike is the proper procedural vehicle . . . to test whether Connecticut is ready to recognize some newly emerging ground of liability." (Internal quotation marks omitted.)Ortiz v. Waterbury Hospital, Superior Court, judicial district of Waterbury, Docket No. 154112 (March 9, 2000, Pellegrino, J.) (26 Conn.L.Rptr. 547).
This court recognizes that there is a split of authority in the Superior Court as to whether a claim for bystander emotional distress is legally sufficient in a medical malpractice action. The courts in the first line of cases hold that Maloney v. Conroy, 208 Conn. 392,545 A.2d 1059 (1988), where the Supreme Court held there is no cause of CT Page 10286 action for bystander emotional distress in Connecticut, is dispositive. See id., 393 ("a bystander to medical malpractice may not recover for emotional distress"). The courts in the second line of cases hold that "the Supreme Court implicitly overruled Maloney in Clohessy v. Bachelor,237 Conn. 31, 675 A.2d 852 (1996), and allowed a plaintiff to bring a cause of action sounding in bystander emotional distress as long as the factors set out in Clohessy are sufficiently alleged. See DeRosa v.Master, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 067788 (August 24, 2000, Nadeau, J.) (27 Conn.L.Rptr. 714) ("when a complaint alleges a cause of action for bystander emotional distress and pleads the four conditions set forth in [Clohessy] . . . the complaint will survive a motion to strike even in the context of a medical malpractice action"); see also Huhn v. Goldstone-Orly, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 352421 (February 10, 2000, Melville, J.) (26 Conn.L.Rptr. 535). In the present case, the defendant argues that Maloney remains intact and is controlling, while the plaintiffs argue that Clohessy allows for a claim of bystander emotional distress in medical malpractice actions.
This court agrees with the well-reasoned decisions of the first line of cases and holds that the Maloney bright-line rule precluding bystander emotional distress claims in medical malpractice actions in Connecticut is still intact. See Wattman v. New Hartford Volunteer Fire Dept.Ambulance Service, Inc., Superior Court, judicial district of Waterbury, Docket No. 156795 (October 10, 2001, Rogers, J.) (30 Conn.L.Rptr. 554);Baranowski v. St. Mary's Hospital, Superior Court, judicial district of Waterbury, Docket No. 148905 (February 20, 2001, Doherty,J.); Gousse v. Connecticut Children's Medical Center, Superior Court, judicial district of Hartford, Docket No. 587675 (August 9, 2000, Hennessey, J.) (27 Conn.L.Rptr. 679); Martin v. Waradzin, Superior Court, judicial district of New Haven at New Haven, Docket No. 404366 (April 2, 1998, Hartmere, J.) (21 Conn.L.Rptr. 616); Chabot v. DayKimball Hospital, Superior Court, judicial district of Windham at Putnam, Docket No. 053562 (February 27, 1997, Sferrazza, J.) (19 Conn.L.Rptr. 250); Wildman v. Connecticut Allergy and Asthma Associates,P.C., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 334473 (February 20, 1997, Levin, J.) (18 Conn.L.Rptr. 453).
Accordingly, the court grants the defendant's motion to strike count four of the plaintiffs' complaint.[1]
White, J.