[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes to the court on the defendant's motion to strike Count Two of the plaintiff's complaint on the grounds that the plaintiff has failed to state a claim upon which relief can be granted.
Heitkamp filed a two count complaint on May 2, 2002 against the defendant, CPM Insurance Services, Inc. In the first count, Heitkamp asserts a breach of contract claim against CPM. In the second count, Heitkamp asserts a claim against CPM for unjust enrichment. The plaintiff alleges that during the winter of 1998, it negotiated with CPM the terms of a comprehensive business insurance policy which Heitkamp purchased for $490,307.00. Pursuant to their agreement, an audit was conducted at the end of the policy term, and it was determined that Heitkamp had overpaid CPM by $89,389.50. CPM subsequently that Heitkamp had overpaid CPM by $89,389.50. CPM subsequently made two reimbursement payments to Heitkamp, but failed to return $9192.50 of that amount.
CPM filed this motion to strike the second count of the complaint.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, "[t] he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies, Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to CT Page 16475 strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260,765 A.2d 505 (2001).
CPM argues that the Heitkamp has failed to allege sufficient facts to support a claim of unjust enrichment. "Unjust enrichment is a very broad and flexible equitable doctrine that has as its basis the principle that it is contrary to equity and good conscience for a defendant to retain a benefit that has come to him at the expense of the plaintiff. . . . The doctrine's three basic requirements are that (1) the defendant was benefitted, (2) the defendant unjustly failed to pay the plaintiff for the benefits, and (3) the failure of payment was to the plaintiff's detriment." (Citation omitted; internal quotation marks omitted.) Gagnev. Vaccaro, 255 Conn. 390, 409, 766 A.2d 416 (2001).
In its unjust enrichment claim, Heitkamp realleges its breach of contract claim by incorporating the allegations from count one of its complaint. Beyond those allegations, count two alleges that "[b]y the foregoing acts and omissions, the Defendant has been unjustly enriched, all to the Plaintiff's further loss and damage." (Complaint, Count two, ¶ 14.) In its memorandum in support, CPM argues that because Heitkamp did not allege that CPM benefitted. from the alleged overcharge, that it has failed to make out a sufficient claim for unjust enrichment. CPM contends that "it may be that CPM did not receive any benefit at all, but that the insurance carrier received the additional premium payment." (CPM's Memorandum of Law in Support of its Motion to Strike, p. 3.) "Although the plaintiff does not parse out his allegations with reference to [all of] the three elements listed above, the required allegations are expressly or implicitly present in the pleadings." Duncan v. JuniorAchievement, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 96 0335878 (January 27, 2000, Skolnick, J.). Heitkamp alleged that it overpaid CPM and that CPM failed to repay it, thus satisfying all three requirements: CPM was benefitted; CPM did not pay for the benefit; and CPM's failure to pay was to Heitkamp's detriment. "It is fundamental that in determining the sufficiency of a complaint challenged by a defendants motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." Gazo v. Stamford, supra, 255 Conn. 260.
 CONCLUSION
Because it can be implied from the facts alleged that CPM received a benefit in failing to reimburse Heitkamp in the amount of $9192.50, Heitkamp has sufficiently pleaded a cause of action for unjust CT Page 16476 enrichment. CPM's motion to strike the second count is denied.
___________________, J. GALLAGHER CT Page 16477